29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin J. GREGORY; Judy A. Gregory, Plaintiffs-Appellants,
v.
Dennis R. SCOTT; Charles A. Baechler, et al., Defendants-Appellees.
 No. 93-35885.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 18, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin J. and Judy A. Gregory ("the Gregorys") appeal pro se the district court's sua sponte dismissal of their 42 U.S.C. Sec. 1983 action prior to issuance and service of process. The Gregorys contend that their court appointed counsel and Judge Nordtvedt conspired with state officials to deprive them of their constitutional rights. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm in part, reverse in part, and remand.
 
 
 3
 Pursuant to 28 U.S.C. Sec. 1915(d), a district court may dismiss a complaint sua sponte before service of process only if it is frivolous. Nietzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Id. at 325. A pro se plaintiff who has presented an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). Although a court must construe a pro se plaintiff's pleading liberally and afford the plaintiff the benefit of any doubt, Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 6212, 632 (9th Cir.1988), a pro se complaint may be dismissed without leave to amend if it is clear that the deficiencies could not be cured by amendment, Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 Defendant Nordtvedt
 
 4
 Judges are absolutely immune for all judicial acts performed within their subject matter jurisdiction when the plaintiff is seeking damages pursuant to 42 U.S.C. Sec. 1983. Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. Sparkman, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Sparkman, 435 U.S. at 356-57 (citation omitted).
 
 
 5
 Here, the Gregorys challenge Judge Nordtvedt's conduct in signing the search warrant issued for the search of the Gregory's home. Specifically, they contend that Judge Nordtvedt was not a judge when she signed the search warrant, and thus she is not immune from liability under section 1983. The Gregorys, however, submitted evidence which clearly indicates that Judge Nordtvedt was appointed as a Judge Pro-Tempore pursuant to Wash.Rev.Code Sec. 3.34.130 in 1989. Thus, when Judge Nordtvedt signed the search warrant in October of 1990, she was a judge performing a judicial act. See Crooks, 913 F.2d at 700. Because Judge Nordtvedt has absolute immunity, the district court did not err by dismissing the claims against her as frivolous. See Stump, 435 U.S. at 356-57; Karim-Panahi, 839 F.2d at 623. Accordingly, we affirm the district court's dismissal of the Gregorys' claims against Judge Nordtvedt.
 
 Defendants Scott and Baechler
 
 6
 A public defender "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" does not act under color of state law and cannot be liable under section 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Nevertheless, a public defender who conspires with state officials does act under color of state law and may be liable. Tower v. Glover, 467 U.S. 914, 923 (1984).
 
 
 7
 Here, the Gregorys alleged that their defense attorneys, Dennis R. Scott and Charles A. Baechler, conspired with police, prosecutors, and judges to issue illegal search warrants, alter evidence, and conceal facts in a criminal action filed against them in Oreille County Superior Court.
 
 
 8
 Because the Gregorys' complaint alleged that the public defenders appointed to represent them conspired with state officials to deprive the Gregorys of their constitutional rights, the complaint contains an arguable basis in law. Tower, 467 U.S. at 923. Accordingly, we reverse the district court's judgment as to defendants Scott and Baechler and remand for issuance and service of process. See Nietzke, 109 S.Ct. at 1833 (distinguishing between the standards for dismissal of a complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6)).
 
 
 9
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3