34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dixianne HAWKS, Plaintiff-Appellant,
v.
COUNTY OF BUTTE, et al., Defendants-Appellees.
 No. 93-15346.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Memorandum Filed Feb. 16, 1994.
Memorandum vacated Aug. 30, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 ORDER
 
 1
 Appellant's petition for rehearing is granted. The panel has voted to reject the suggestion for rehearing en banc. The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35. The suggestion for rehearing en banc is rejected.
 
 
 2
 The unpublished memorandum disposition filed February 16, 1994 is vacated. The Clerk of the Court is directed to file the attached memorandum disposition.
 
 
 3
 MEMORANDUM**
 
 
 4
 Dixianne Hawks appeals the district court's dismissal of her 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d).[1] We have jurisdiction under 28 U.S.C. Sec. 1291 and review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm in part and vacate and remand in part.
 
 
 5
 A district court may dismiss an in forma pauperis complaint sua sponte if the complaint is frivolous under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Id. at 325. In civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). Before dismissing a complaint, the district court should give a pro se plaintiff an opportunity to amend, unless it is absolutely clear the complaint's deficiencies cannot be cured by amendment. Id. (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987)). In reviewing a Sec. 1915(d) dismissal for abuse of discretion, a court of appeals should consider whether the plaintiff was proceeding pro se and whether the dismissal was with or without prejudice. Hernandez, 112 S.Ct. at 1734.
 
 
 6
 In her complaint, filed January 13, 1993, Hawks alleged that the defendants violated her First Amendment rights by prosecuting her for felony jury tampering for handing out leaflets to prospective jurors at her son's criminal trial. Hawks named Judge Jerome Warren, District Attorney Michael Ramsey, Butte County, and ten John Doe Assistant District Attorneys as defendants.[2] On January 20, 1993, the district court held that the complaint was frivolous in its entirety and dismissed the complaint with prejudice.
 
 Judicial Immunity
 
 7
 Judges are absolutely immune for all judicial acts performed within their subject matter jurisdiction when the plaintiff is seeking damages pursuant to 42 U.S.C. Sec. 1983. Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986).[3] An act is a "judicial" one when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. Sparkman, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Sparkman, 435 U.S. at 356-57 (citation omitted).
 
 
 8
 Here, Hawks challenges Judge Warren's conduct in presiding over the state proceedings against her for felony jury tampering. Judge Warren was clearly performing a judicial act as hearing cases is the essence of the judicial role. See Crooks, 913 F.2d at 700. In addition, the court had subject matter jurisdiction to hear the jury tampering charges against Hawks. Accordingly, since Judge Warren has absolute immunity, the district court did not err in dismissing the claims against him as frivolous. See Stump, 435 U.S. at 356-57; Karim-Panahi, 839 F.2d at 623.
 
 Prosecutorial Immunity
 
 9
 Prosecutors are also entitled to absolute immunity for acts which are within their authority and performed in a quasi-judicial capacity. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Ashelman, 793 F.2d at 1076. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993). However, when the prosecutor performs functions other than those of an officer of the court, the prosecutor loses the protection of absolute immunity. Id. at 2615-16; Gobel v. Maricopa County, 867 F.2d 1201, 1203 (9th Cir.1989). A prosecutor who makes statements at a press conference is acting outside the role of an officer of the court, even though this function may form an integral part of a district attorney's job. Buckley, 113 S.Ct. at 2618. Therefore, a prosecutor who makes allegedly false statements to the media is entitled to qualified immunity only, and not absolute immunity from Sec. 1983 liability. Id.; Gobel, 867 F.2d at 1205.
 
 
 10
 Here, Hawks challenges District Attorney Michael Ramsey's actions in prosecuting Hawks for felony jury tampering. In addition, Hawks contends that the district attorney made defamatory remarks about her to the media. To the extent that District Attorney Ramsey initiated judicial proceedings and prosecuted Hawks for felony jury tampering, he was acting as an officer of the court and is entitled to absolute immunity. See Buckley, 113 S.Ct. at 2615; Ashelman, 793 F.2d at 1076. However, Ramsey is not entitled to absolute immunity in connection with Hawks' allegations that he made false public statements to the media. See Buckley, 113 S.Ct. at 2618. On appeal, Hawks alleges that Ramsey issued a press release in which he stated that Hawks was mentally incompetent and an obviously handicapped defendant. Although Hawks has not alleged the kind of "defamation plus" injury necessary to state a cognizable Sec. 1983 claim, see Gobel, 867 F.2d at 1205, it is not absolutely clear that the complaint's deficiencies cannot be cured by more specific pleading, see Hernandez, 112 S.Ct. at 1734; Karim-Panahi, 839 F.2d at 623. Accordingly, the district court erred in dismissing this claim against District Attorney Ramsey without providing Hawks with an opportunity to file an amended complaint. See Hernandez, 112 S.Ct. at 1734; Karim-Panahi, 839 F.2d at 623.
 
 County Liability
 
 11
 Although a municipality or governmental entity cannot be found liable under Sec. 1983 on a respondeat superior theory, liability may be imposed for constitutional deprivations inflicted pursuant to an official policy or custom. See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-94 (1978); Karim-Panahi, 839 F.2d at 624. A claim of municipal liability is sufficient if the plaintiff alleges that the individual defendants' conduct conformed to official policy, custom, or practice. Karim-Panahi, 839 F.2d at 624 (citation omitted); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S.Ct. 1160, 1163 (1993) (explaining that Fed.R.Civ.P. 8(a)(2) only requires fair notice of plaintiff's claim and grounds upon which it rests).
 
 
 12
 Here, construing the pleadings liberally, Hawks' claim against Butte County has at least "an arguable basis in law or in fact." See Neitzke, 490 U.S. at 325. On appeal, Hawks contends that the County failed to adequately train its prosecutors and that Michael Ramsey was an official policymaker for the County. Thus, it appears that Hawks may be able to amend her complaint through more specific pleading. See Hernandez, 112 S.Ct. at 1734. Considering that Hawks was proceeding pro se and the district court dismissed her complaint with prejudice, the district court abused its discretion in dismissing Hawks' complaint without providing her with at least one opportunity to amend. See Hernandez, 112 S.Ct. at 1734; Karim-Panahi, 839 F.2d at 623.
 
 
 13
 Accordingly, the district court's dismissal of Hawks' claims against Judge Warren is affirmed. The dismissal of Hawks' claims against District Attorney Ramsey is affirmed in part and vacated in part. The dismissal of Hawks' claims against Butte County is vacated. This case is remanded to the district court for further proceedings.
 
 
 14
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Hawks is represented by counsel. However, Hawks was proceeding pro se when she filed her complaint in the district court
 
 
 [2]
 Hawks has not challenged the dismissal of the ten John Doe defendants on appeal. Moreover, in order for a defendant to be subject to Sec. 1983 liability, the plaintiff must show a causal link between the named defendants and the alleged constitutional deprivation. See Rizzo v. Goode, 423 U.S. 362, 375 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987). Hawks failed to include any such allegations in her complaint
 
 
 [3]
 Although judges are not entitled to absolute immunity for claims seeking injunctive or declaratory relief, see Forrester v. White, 484 U.S. 219, 228-29 (1988), Hawks was only seeking monetary relief in her complaint