Donna CROOKS; Brenda Holmes,
Plaintiffs–Appellants,

v.

John H. MAYNARD, District Judge,
Defendant–Appellee.

No. 89–35660.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 1990 *.

Decided Aug. 31, 1990.

William J. Tway, Tway & Rosenheim, Boise, Idaho, for plaintiffs-appellants.

Brian K. Julian, Quane, Smith, Howard & Hull, Boise, Idaho, for defendant-appellee.

Before SNEED and HALL, Circuit Judges and STEPHENS, Jr.,** District Judge.

CYNTHIA HOLCOMB HALL, Circuit Judge:

This case is now before this panel for the third and final time. The litigants and procedural posture in this matter are as follows. The Honorable John H. Maynard was a District Judge for the Second District of the State of Idaho where he also served as Administrative District Judge. The appellants, Donna Crooks and Brenda Holmes, brought 42 U.S.C. § 1983 actions against Judge Maynard. Appellants claimed that Judge Maynard denied their constitutional right to procedural due process by jailing them pursuant to a contempt order. The district court granted Judge Maynard's motion for summary

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

\*\* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

judgment and dismissed all claims on the basis of absolute judicial immunity. On appeal, we affirmed the district court's order. *Crooks v. Maynard,* 820 F.2d 329 (9th Cir.1987).

The Supreme Court granted certiorari, vacated our judgment, and remanded the case to us for "further consideration in light of *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)." *Crooks v. Maynard,* 484 U.S. 1022, 108 S.Ct. 744, 98 L.Ed.2d 757 (1988). We then remanded the case back to the district court. *Crooks v. Maynard,* 851 F.2d 1562 (9th Cir.1988). The district court held that both absolute and qualified immunity applied and granted Judge Maynard's motion for summary judgment. *Crooks v. Maynard,* 718 F.Supp. 1460 (D. Idaho 1989). We now hold that Judge Maynard is protected by absolute judicial immunity, and affirm.

## I

We review a grant of summary judgment *de novo. Kruso v. International Telephone and Telegraph Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989). In addition, the issue of whether a judge is protected by judicial immunity is a question of law reviewable *de novo. See Brewer v. Blackwell,* 692 F.2d 387, 390 (5th Cir.1982).

■ In *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), the Supreme Court established a test for determining when a judge is protected by absolute immunity. The first part of the test is whether the judge performed a judicial act. *Id.* at 362, 98 S.Ct. at 1107–08. In determining whether a particular act is a "judicial" one, the two factors to consider are 1) "the nature of the act itself, i.e., whether it is a function normally performed by a judge" and 2) "the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.*

The second part of the test is whether the judge was acting in the "clear absence of all jurisdiction." *Id.* at 357, 98 S.Ct. at 1105. The issuance of a contempt citation to enforce a lawful judicial order clearly meets both prongs of this test.

### A

■ The Supreme Court recently stated that "immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester,* 484 U.S. at 227, 108 S.Ct. at 544, 98 L.Ed.2d 555. Hence, the mere fact that a defendant happens to be a judge does not mean he has absolute judicial immunity. *Id.* Absolute judicial immunity only applies to judicial acts and not to administrative, legislative, and executive functions that judges may perform. *Id.* at 227–29, 108 S.Ct. at 544–45. Thus *Forrester,* in effect, refined the analysis of the first part of the *Stump* test.

In this case, applying both *Stump* and *Forrester,* Judge Maynard continues to be protected by absolute judicial immunity. When he held Crooks and Holmes in contempt of court, Judge Maynard was clearly performing a judicial act. *Forrester* did not, of course, overrule the doctrine that hearing cases and entering orders are the essence of the judicial role. *Crooks,* 718 F.Supp. at 1464. As the district court mentioned, it is difficult to characterize the judge's actions as personnel actions since he did not hire or fire Holmes. Instead, he issued an administrative order forbidding her from performing certain acts. *Id.* He then used his judicial power to enforce his court order through the only means a judge possesses—his contempt power.[1]

### B

Idaho Code (IC) § 1–907, which lists the powers and duties of an administrative judge, does not include contempt powers.

---

1. It seems to us that even if Judge Maynard's administrative order had been unlawful, the same result would ensue in this case. Though Crooks and Holmes may then have had some sort of redress for the unlawful administrative order, they would still be required to obey that order on pain of contempt. Judge Maynard would be protected by absolute immunity for any contempt citation, so long as his contempt order was not issued in the clear absence of all jurisdiction.

However, IC § 1-1603 provides that "[e]very court has power: ... [t]o compel obedience to its ... orders ...," and IC § 1-1901 equips each "judicial officer" with similar power. Although there is no case law as to whether an administrative judge is classified as a judicial officer, it is reasonable to assume that he is. *Crooks*, 851 F.2d at 1563. Nevertheless, even if Judge Maynard did not have contempt power as an administrative judge, he was also a district court judge with corresponding contempt power. IC § 7 601(5) defines contempt as "[d]isobedience to any lawful judgment, order or process of the court." Since Crooks and Holmes disobeyed an administrative order, Judge Maynard had the authority to hold them in contempt.

Appellants argue that the summary exercise of the power to sanction for contempt is valid only "when a contempt is committed in the immediate view and presence of the court or judge at chambers ..." IC § 7-603. Crooks and Holmes contend that Judge Maynard did not have authority to hold them in contempt because he was not in his chambers nor were they involved at that time in an adversary proceeding. However, we agree with the district court that the term "court" may also refer to the person of the judge, acting in his official capacity, wherever he may be. *Crooks*, 718 F.Supp. at 1466.

■ Jurisdiction is construed broadly where the issue is the immunity of a judge. *Stump*, 435 U.S. at 356, 98 S.Ct. at 1104-05. Therefore, since Judge Maynard had colorable authority to hold Crooks and Holmes in contempt, he did not act in clear absence of all jurisdiction.

## II

Since we affirm that Judge Maynard is cloaked by absolute judicial immunity, we do not reach the question of qualified immunity.

AFFIRMED.