978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony DEL GUZZI, Plaintiff-Appellant,
v.
Loy HAYES, Warden of F.C.I. Pleasanton; William M. Bailey,
Assistant Federal Programs Administrator; Curt Hazel,
Deputy District Attorney of Los Angeles County; Paul J.
Geragos, Attorney at Law; Judith De Belle, State of
California Correctional Case Records Manager; David A.
Horowitz; United States Marshal, Defendants-Appellees.
 No. 90-15871.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1992.*
Decided Oct. 28, 1992.
 
 1
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Anthony Del Guzzi appeals the district court's dismissal of his § 1983 action, in which he charges a number of state and federal officials, as well as his private attorney, with acting to deprive him of his right to liberty.
 
 
 4
 As the district court ably outlined, Del Guzzi's claims have no merit. His claim against his defense attorney Paul Geragos fails because the defense attorney's action does not constitute action under color of state law, as required by § 1983. Briley v. California, 564 F.2d 849, 855 (9th Cir.1977). Del Guzzi's claim against state judge David Horowitz, who denied his state habeas petition, fails because he is protected by absolute judicial immunity. Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990). His claim against the L.A. Deputy Dist. Atty who handled his plea bargain fails for the same reason. Demery v. Kupperman, 735 F.2d 1139, 1143 (9th Cir.1984).
 
 
 5
 Del Guzzi's claim against the federal prison officials who did not accept him fails because federal officials are immune from § 1983 liability unless state agents were significant participants in their actions. Gibson v. United States, 781 F.2d 1334, 1343 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). While Del Guzzi maintains on appeal that there is evidence that state and federal officials "were in correspondence with each other to decide whether the state judgment would be implemented as to concurrent sentences," the correspondence he points to does not support a finding that the state and federal officials coordinated their activities in any meaningful way. For this same reason, the district court appropriately denied Del Guzzi's claim of conspiracy between state and federal officials.
 
 
 6
 Finally, we reject Del Guzzi's claim against records clerk Judith De Belle. Del Guzzi claims that De Belle failed to implement the state judge's order that he be transported to federal prison. As the district court stated, Del Guzzi has supplied no record of an order by a state judge directing that he be taken into federal custody. Instead, Del Guzzi has demonstrated only that the state judge recommended that he be transferred to federal custody. De Belle acted on that recommendation and notified the federal authorities of Del Guzzi's status. De Belle cannot be held liable for the federal authorities' refusal to accept Del Guzzi.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3