24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David E. JIROVEC, Plaintiff-Appellant,
v.
Carolyn A. LAKE; Jerry Adair, Lewis County Deputy
Prosecutor; Frank Bennett, Lewis County Detective; Dale
Nordquist, Lewis County Superior Court Judge; City of
Centralia, Washington, Defendants-Appellees.
 No. 93-35903.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David E. Jirovec, a Washington state prisoner, appeals pro se the district court's order granting the defendants' motions for summary judgment and denying Jirovec's motion for summary judgment in his 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and affirm.[1]
 
 Background
 
 3
 Jirovec filed this civil rights action to challenge purported constitutional violations arising out of Jirovec's arrest and ultimate conviction for possession of two stolen boat motors in Lewis County, Washington. Jirovec named the following defendants: Frank Bennett, Lewis County Detective; Dale Nordquist, Lewis County Superior Court Judge; Jerry Adair, Lewis County Deputy Prosecuting Attorney; Carolyn Lake, Jirovec's appellate counsel; and the City of Centralia, Lake's part-time employer.
 
 
 4
 Jirovec purchased the stolen boat motors from Dorsey Moody. Jirovec contends that defendants Bennett, Nordquist and Adair conspired to convict Jirovec by granting immunity to Moody in exchange for Moody's false testimony at Jirovec's trial. Following his possession of stolen property (PSP) conviction, the Lewis County Superior Court appointed Carolyn Lake to represent Jirovec on appeal. After the denial of Jirovec's appeal, Lake withdrew as counsel and advised Jirovec that she would not file a petition for discretionary review with the Washington Supreme Court. According to Jirovec, Lake also refused to provide him with copies of the transcripts or other materials. Jirovec contends that Lake refused further assistance because she became part of the conspiracy to uphold his conviction.
 
 
 5
 Jirovec also contends that the City of Centralia is liable as Lake's employer. Jirovec argues that the City failed to take corrective actions with respect to Lake's unlawful conduct.
 
 
 6
 Following the PSP conviction, Jirovec was tried and convicted in Thurston County for the first degree contract murder of his wife. Although the murder conviction is not directly at issue in this civil rights action, it has some relevance because the two offenses were interrelated and both involved Jirovec and Dorsey Moody. In addition, Detective Bennett investigated the homicide case.
 
 Summary Judgment
 
 7
 The plain language of Fed.R.Civ.P. 56(c) mandates that the moving party is entitled to judgment as a matter of law when the nonmoving party has failed to make a sufficient showing on an essential element of the case with respect to which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The responding party "may not rest upon the mere allegations or denials of [his] pleading, but ... by affidavits ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (citation omitted); see Conner v. Sakai, 15 F.3d 1463, 1467 (9th Cir.1994).
 
 A. Frank Bennett--Lewis County Detective
 
 8
 A plaintiff must meet two essential proof requirements in a Sec. 1983 action: the plaintiff must show that (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir.1988). A plaintiff is also required to show a causal connection between the named defendants and the alleged constitutional deprivation. Id. at 633-34; see Conner, 15 F.3d at 1469 (summary judgment appropriate where plaintiff failed to connect defendants with constitutional violation). In order to prove a conspiracy claim under Sec. 1983, a plaintiff must provide material facts that show the existence of an agreement or "meeting of minds." Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989) (affirming district court's dismissal under Fed.R.Civ.P. 12(b)(6) where plaintiff provided only conclusory allegations of conspiracy).
 
 
 9
 Here, Jirovec contends that Frank Bennett, a Lewis County detective, conspired with the other defendants to obtain immunity for Moody in exchange for Moody's false testimony against Jirovec. This contention lacks merit because Jirovec has failed to set forth any facts that would connect Bennett with either the grant of immunity or the PSP trial. See Fed.R.Civ.P. 56(e); Leer, 844 F.2d at 633-34. Bennett was primarily responsible for investigating the homicide case rather than the PSP case. Although the two investigations appear to have overlapped, Jirovec has not shown that Bennett had more than a cursory connection with the PSP case. Moreover, Jirovec has provided no facts to show that Bennett had any contact with defendants Nordquist, Adair or Lake, let alone shown the existence of an agreement to grant Moody immunity. See Woodrum, 866 F.2d at 1126. Finally, Jirovec provided no facts to show that Moody actually gave false testimony at Jirovec's trial.[2]
 
 
 10
 Jirovec has provided one unsigned statement by Kevin Rutherford, which indicates that Bennett may have had a personal connection with Moody. Specifically, Rutherford stated he heard that Bennett covered up Moody's involvement in the murder of Mrs. Jirovec and that Bennett and Moody's sister have a child. In addition, Rutherford indicated that Bennett was a "corrupt cop" who had failed to arrest Rutherford even though he found narcotics in Rutherford's possession. Although Rutherford's statement, if true, demonstrates that Bennett may be unethical and even be biased towards Moody, it does not provide any support for Jirovec's conspiracy claim in the PSP case. See Woodrum, 866 F.2d at 1126. Accordingly, the district court properly granted summary judgment for Bennett since Jirovec has merely presented conclusory allegations in support of his conspiracy claim. See Celotex, 477 U.S. at 323; Woodrum, 866 F.2d at 1126.
 
 
 11
 B. Dale Nordquist--Lewis County Superior Court Judge
 
 
 12
 Judges are absolutely immune for all judicial acts performed within their subject matter jurisdiction when the plaintiff is seeking damages pursuant to 42 U.S.C. Sec. 1983. Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). An act is a "judicial" one when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. Sparkman, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Sparkman, 435 U.S. at 356-57 (citation omitted).
 
 
 13
 Here, Jirovec challenges Judge Nordquist's conduct in presiding over the state proceedings against him for the possession of stolen property. Judge Nordquist was clearly performing a judicial act since hearing cases is the essence of the judicial role. See Crooks, 913 F.2d at 700. In addition, the court had subject matter jurisdiction to hear the PSP charges against Jirovec. Although Jirovec contends that Judge Nordquist conspired with the other defendants to provide prosecutorial immunity to Moody in exchange for false testimony, Jirovec has provided no facts in support of this claim. See Taylor, 880 F.2d at 1045. Accordingly, the district court properly granted summary judgment for Judge Nordquist since he has absolute immunity. See Celotex, 477 U.S. at 323; Stump, 435 U.S. at 356-57.
 
 
 14
 C. Jerry Adair--Lewis County Deputy Prosecuting Attorney
 
 
 15
 Prosecutors are also entitled to absolute immunity for acts which are within their authority and performed in a quasi-judicial capacity. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Ashelman, 793 F.2d at 1076. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993). However, when the prosecutor performs functions other than those of an officer of the court, the prosecutor is entitled to qualified immunity only, and not absolute immunity from Sec. 1983 liability. Id. at 2618.
 
 
 16
 Here, Jirovec challenges Deputy Prosecuting Attorney Jerry Adair's actions in investigating and prosecuting Jirovec for possession of stolen property. Although Jirovec contends that Adair conspired with the other defendants in offering prosecutorial immunity to Moody in exchange for false testimony, Jirovec has failed to provide any support for this claim. See Taylor, 880 F.2d at 1045. Aside from this unsupported claim, Adair acted as an officer of the court in investigating and prosecuting the PSP case. See Buckley, 113 S.Ct. at 2615; Ashelman, 793 F.2d at 1076. Accordingly, the district court properly granted summary judgment for Deputy Prosecuting Attorney Jerry Adair since he is entitled to absolute immunity. See Celotex, 477 U.S. at 323; Buckley, 113 S.Ct. at 2615.
 
 D. Carolyn Lake--Appellate Defense Counsel
 
 17
 To state a Sec. 1983 claim, a plaintiff must show that the defendant committed the alleged constitutional deprivation under color of state law. Tower v. Glover, 467 U.S. 914, 919 (1984). Generally, defense attorneys do not act under color of state law by "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Glover, 467 U.S. at 920. If defense counsel, however, conspires with other state officials to deprive the plaintiff of his or her constitutional rights, defense counsel is acting under color of state law. Glover, 467 U.S. at 920. A plaintiff must show the existence of an agreement or "meeting of minds" in order to prove a Sec. 1983 conspiracy claim. Woodrum, 866 F.2d at 1126.
 
 
 18
 Here, Jirovec contends that Carolyn Lake, his state appellate attorney, violated his constitutional rights because she refused to file a motion for discretionary review with the Washington Supreme Court and failed to provide Jirovec with transcripts or other materials. Jirovec argues that Lake refused to perform these obligations because she conspired with the other defendants to uphold Jirovec's unlawful conviction. However, Jirovec has provided no material facts in support of his conspiracy claim. See id. Although Jirovec contends that Lake conspired with the other defendants by deliberately overlooking the perjured testimony of Moody, Jirovec has provided no facts which demonstrate any agreement between Lake and the other defendants. See id.
 
 
 19
 In addition, Jirovec contends that Lake had a conflict of interest in representing Jirovec because Lake was employed by the county that prosecuted him. Lake, however, was employed part-time by the City of Centralia, whereas Jirovec was prosecuted by Lewis County. Moreover, although Jirovec contends that Lake "admitted" this purported conflict of interest in a motion requesting continuance of oral argument, Lake merely requested a continuance due to a time conflict based on her part-time employment by the City of Centralia.
 
 
 20
 Accordingly, the district court properly granted summary judgment for defendant Lake as Jirovec has failed to show any genuine issue for trial. See Celotex, 477 U.S. at 323; Woodrum, 866 F.2d at 1126.
 
 E. City of Centralia--Lake's Employer
 
 21
 A municipality cannot be found liable under Sec. 1983 on a respondeat superior theory. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-94 (1978). Municipal liability may only be imposed for constitutional deprivations inflicted pursuant to an official policy or custom. See id.; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 22
 Here, Jirovec's sole claim against the City of Centralia is that the City should be liable for Lake's conduct since she was employed by the City as a part-time attorney. Even if Jirovec could show that Lake violated his constitutional rights, Jirovec's claim against the City would fail because Jirovec is relying on a respondeat superior theory of liability. Accordingly, the district court properly granted summary judgment for the City of Centralia. See Celotex, 477 U.S. at 323; Monell, 436 U.S. at 690-94.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, Jirovec's "petition for rehearing en banc" is construed as a request for initial en banc consideration, and so construed is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants contend that this appeal should be dismissed because Jirovec has not identified the specific orders from which he is appealing, the specific facts, or his issues on appeal. Construing Jirovec's brief liberally, see Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990) (explaining that pro se briefs should not be dismissed for failure to comply with the formal requirements of appellate briefs), Jirovec appears to be appealing the district court's order granting the defendants' motions for summary judgment and denying Jirovec's motion for summary judgment. Jirovec has identified the date of this order in his notice of appeal. In addition, Jirovec indicates that he is raising the same issues on appeal that he raised before the district court and identifies six claims which coincide with the district court's summary judgment order. Accordingly, we reject defendants' contention that this appeal should be dismissed. See Balistreri, 901 F.2d at 699
 
 
 [2]
 It is undisputed that Moody admitted to lying to the police, including Bennett, on previous occasions. However, evidence of prior false testimony does not support Jirovec's claim that Moody gave false testimony at Jirovec's trial. See Taylor, 880 F.2d at 1045. Moreover, at trial, Jirovec's attorney was given the full opportunity to impeach Moody. In addition to admitting that he had lied to the police on previous occasions, Moody admitted that he wanted to avoid jail, that he had received promises of immunity from several county prosecutors, and that he could testify without fear of prosecution. Thus, Jirovec has failed to even show that a constitutional violation occurred. See id.; Leer, 844 F.2d at 632-33