43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ray DOBARD, Plaintiff-Appellant,
v.
The UNITED STATES DISTRICT COURT FOR NORTHERN CALIFORNIA, et
al., Defendant-Appellee.
 No. 93-17125.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Dobard appeals pro se the district court's dismissal of his action against the United States District Court for the Northern District of California, two district court judges, the clerk of the court, and several deputy clerks. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Dobard brought this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,[1] 403 U.S. 388 (1971), alleging that his equal protection rights were violated because he was denied equal access to the courts based on two pre-filing review orders regarding Dobard and his treatment as a deaf litigant.
 
 
 4
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989).
 
 
 5
 * Judicial Immunity
 
 
 6
 Dobard contends that the district court erred by dismissing his claims against Judges Schwarzer and Patel on the ground that the claims were barred by judicial immunity. This contention lacks merit.
 
 
 7
 Judges are absolutely immune from section 1983 liability for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. Sparkman, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990). Although judicial immunity does not bar actions seeking prospective injunctive relief, Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), this rule does not apply to constitutional tort actions brought pursuant to Bivens. Mullis, 828 F.2d at 1394.
 
 
 8
 Here, Dobard alleged that Judge Schwarzer and Judge Patel violated his constitutional rights by issuing pre-filing review orders against Dobard. Dobard also alleged that Judge Schwarzer violated his constitutional rights by conducting a status conference without a computer-assisted transcription system. Dobard sought damages, declaratory, and injunctive relief.
 
 
 9
 Because the allegations in Dobard's complaint concern actions taken by the judges in their judicial capacity, Dobard's claims are barred by judicial immunity. See Stump, 435 U.S. at 356-57 (claims for damages); Mullis, 828 F.2d at 1394 (claims for declaratory and injunctive relief). Accordingly, the district court properly dismissed Dobard's claims against Judges Schwarzer and Patel as barred by judicial immunity. See Tanner, 879 F.2d at 576.
 
 II
 Quasi-Judicial Immunity
 
 10
 Dobard also contends that the district court erred by dismissing his claims against the clerk of the court and several deputy clerks on the ground that the claims are barred by quasi-judicial immunity. This contention lacks merit.
 
 
 11
 "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis, 828 F.2d at 1390. "When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges--that is, because they, too, exercise a discretionary judgment as part of their function." Antoine v. Byers & Anderson, Inc., 113 S.Ct. 2167, 2171-72 (1993) (quotation omitted). Where a clerk files or refuses to file a document with the court, he is entitled to quasi-judicial immunity for his actions, provided the acts complained of are within the clerk's jurisdiction. Mullis, 828 F.2d at 1390. The filing of a complaint or petition is an integral part of the judicial process, and court clerks are the officials through whom such filing is done. Id.
 
 
 12
 Here, Dobard alleged that the clerk of the court and two deputy clerks violated his constitutional rights when they failed to file his complaints pursuant to the pre-filing review orders. All of the acts Dobard alleged the clerks committed were integral parts of the judicial process. See id. Moreover, Dobard did not allege actions on the part of the clerks "done in the clear absence of all jurisdiction." See id. Thus, the clerks were entitled to quasi-judicial immunity from civil liability for their actions. See id. Accordingly, the district court properly dismissed Dobard's claims against the clerks. See Tanner, 879 F.2d at 576.
 
 III
 Other Claims
 A. Leave to Amend
 
 13
 Dobard contends that the district court erred by denying him leave to amend his complaint to add the Cities of Oakland and Berkeley and Alameda County as defendants. This contention lacks merit.
 
 
 14
 The denial of leave to amend is within the district court's discretion. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990). Pro se plaintiffs should be given an opportunity to amend their complaint to overcome any deficiencies unless it clearly appears that the deficiencies cannot be overcome by amendment. Here, the proposed amendments would have been futile. S ee id. at 374. Accordingly, the district court did not abuse its discretion by denying Dobard leave to amend his complaint. S ee id. at 373-74.
 
 B. Extension of Time
 
 15
 Dobard contends that the district court erred by denying his motion for an enlargement of time to oppose defendants' motion to dismiss. This contention lacks merit.
 
 
 16
 Fed.R.Civ.P. 6(b)(2) permits enlargement of any period of time prescribed by local rules "where the failure to act was the result of excusable neglect." We must therefore determine whether the district court erred by concluding that Dobard failed to set forth facts that demonstrate excusable neglect. Rutledge v. Electric Hose & Rubber Co., 511 F.2d 669, 675 (9th Cir.1975). The "determination of excusable neglect is left to the sound discretion of the district court." Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983 (en banc) (discussing the excusable neglect standard in the context of Rule 60(b)(1)). Under the abuse of discretion standard, we must affirm unless we are "left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors." United States v. BNS, Inc., 858 F.2d 456, 464 (9th Cir.1988).
 
 
 17
 Here, Dobard requested an extension of time due to a critical illness he alleges was caused during a hearing before Judge Legge of the Northern District on September 15, 1993. The district court denied Dobard's motion, noting that his opposition was due September 9, 1993, nearly one week prior to Dobard's alleged illness. Furthermore, the district court found that Dobard had failed to show excusable neglect because he failed to substantiate his recent illness and was well enough to file two lengthy motions between September 14, 1993 and October 5, 1993. Based on these circumstances, the district court did not abuse its discretion by denying Dobard's motion. See id.
 
 C. Recusal
 
 18
 Dobard contends that Judge Armstrong abused her discretion by failing to recuse herself under 28 U.S.C. Sec. 455. Section 455 requires recusal only if the judge's alleged bias of prejudice "stems from an extrajudicial source and not from conduct or rulings made during the course of the proceedings." Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988).
 
 
 19
 Here, Dobard failed to link any alleged bias on the part of Judge Armstrong to any extrajudicial source. Rather, Dobard's declaration accompanying the recusal motion draws an inference of bias from the judge's orders (1) denying him leave to file his complaint pursuant to a pre-filing review order, (2) imposing sanctions against him, and (3) denying his request for an extension of time. Because the alleged incidents involved the judge's performance while presiding over Dobard's case rather than any extrajudicial source, the motion was properly denied. See id.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Dobard's request for oral argument is denied. Because we deny Dobard's request for oral argument, we also deny his request for a computer-aided transcription system
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Dobard designated his action as brought under 42 U.S.C. Sec. 1983, because the defendants all allegedly were acting under color of federal law, Dobard's action is more properly characterized as a Bivens action. See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1387 (9th Cir.1987) (citing Bivens, 403 U.S. at 388), cert. denied, 486 U.S. 1040 (1988)
 
 
 [2]
 Appellees request that we issue a pre-filing review order requiring Dobard to seek approval from the court before filing any documents other than one opening and one reply brief per appeal. We decline to do so here due to the extreme nature of such orders. See De Long v. Hennessy, 912 F.2d 1144, 1147-48 (9th Cir.), cert. denied, 111 S.Ct. 562 (1991)