46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dan WILLBANKS, Plaintiff-Appellant,
v.
Jim CROTTS; John Keck; Calvin Allred; James Riley;
Francis Ranaccelli, Defendants-Appellees.
 No. 94-16098.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 6, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dan Willbanks appeals pro se the district court's dismissal of his action against Judge Riley, an Arizona Superior Court Judge, Frances Ranaccelli, an employee of the court clerk's office, and several private parties. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Willbanks brought this action pursuant to 42 U.S.C. Sec. 1983 alleging that defendants conspired to violated his constitutional rights in relation to several state tort actions filed in Cochise County Superior Court. The district court dismissed Willbanks's claims against Judge Riley and Ranaccelli on the ground that they were absolutely immune from civil liability. Willbanks's claims against the private defendants were dismissed because they were not acting under color of state law.
 
 
 4
 A dismissal for failure to state a claim is reviewed de novo. Everest and Jennings Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. The existence of subject-matter jurisdiction is a question of law reviewed de novo. Nike, Inc. v. Commercial Iberica De Exclusivas, 20 F.3d 987, 990 (9th Cir.1994).
 
 
 5
 * Judicial Immunity
 
 
 6
 Willbanks contends that the district court erred by dismissing his claims against Judge Riley and Ranaccelli on the ground that the claims were barred by judicial immunity. This contention lacks merit.
 
 
 7
 Judges are absolutely immune from section 1983 liability for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. Sparkman, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990).
 
 
 8
 "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir.1987). Where a clerk files or refuses to file a document with the court, she is entitled to quasi-judicial immunity for her actions, provided the acts complained of are within the clerk's jurisdiction. Id. The filing of a complaint or petition is an integral part of the judicial process, and court clerks are the officials through whom such filing is done. Id.
 
 
 9
 Here, Willbanks alleged that Judge Riley violated his constitutional rights by denying his request for a jury trial, consolidating his state tort actions, and issuing a pre-filing order. Willbanks also alleged that Ranaccelli violated his constitutional rights by refusing to file his complaint pursuant to Judge Riley's pre-filing order.
 
 
 10
 Because the allegations in Willbanks's complaint concern actions taken by the judge in his judicial capacity, Willbanks's claims are barred by judicial immunity. See Stump, 435 U.S. at 356-57. In addition, Ranaccelli was entitled to quasi-judicial immunity from civil liability for her actions because they were an integral part of the judicial process. See Mullis, 828 F.2d at 1390. Accordingly, the district court properly dismissed Willbanks's claims against Judge Riley and Ranaccelli. See Everest, 23 F.3d at 228.
 
 II
 State Action
 
 11
 Willbanks contends that the district court erred by dismissing his claims against the private defendants on the ground that they were not acting under color of state law. This contention also lacks merit.
 
 
 12
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A private person may act under color of state law if he willfully participates in joint action with state officials to deprive others of their constitutional rights. Dennis v. Sparks, 449 U.S. 24, 29 (1980). "Invoking state legal procedures[, however,] does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement." Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir.) (per curiam), cert. denied, 488 U.S. 995 (1988).
 
 
 13
 Here, Willbanks alleged that the private defendants conspired with Judge Riley to deny him access to the courts and take his property without just compensation. Willbanks conclusory allegations that the private defendants conspired with Judge Riley are insufficient to support his section 1983 claim. See id. Accordingly, the district court properly dismissed Willbanks's claims against the private defendants. See id.
 
 
 14
 The private defendants request sanctions against Willbanks for filing a frivolous appeal. We have discretion to award damages and costs to the prevailing party where we determine that an appeal is frivolous. 28 U.S.C. Sec. 1912; Fed.R.App.P. 38; Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Bell, 922 F.2d at 1425. Because we do not believe that Willbanks's appeal is wholly without merit, we refuse to award sanctions. See id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3