Charles H. WITTMAN, III, Personally, Charles H. Wittman III for the Wittman Family, Plaintiff—Appellant,

v.

Rita SAENZ, California Department of Social Services (CDSS); Larry Bolton; Del Sayles–Owen; Nancy Stone; Jack Wright; Greta Gross; Peter Castillo, Social Services Attorney; Santa Clara County, Their Board of Supervisors; James T. Beall, Jr., supervisor; Donald F. Gage, supervisor; Blanca Alvarado, supervisor; Pete McHugh, supervisor; Liz Kniss, supervisor; Santa Clara County Department of Social Services; Will Lightbourne; Yolanda Rinaldo; Leroy Martin, Director of family and children services; Gene Platner; Linda Castald; Suzanne Jarrouj; Patricia Guesick; Kathleen Dudley; Barbara Eddy; Superior for the State of California; Santa Clara County Juvenile Hall; Len P. Edwards; Ann Ravel Miller; Karen E. Heggie; Kristine McCarthy; California Department of Social Services, Defendants—Appellees.

No. 02–17252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2004.

Decided Sept. 7, 2004.

Charles H. Wittman, III, Los Gatos, CA, pro se.

Cheryl L. Feiner, Esq., John P. Devine Fax, Office of the California Attorney General, San Francisco, CA, Melissa R. Kiniyalocts, Esq., for Defendants–Appellees.

Before: FERNANDEZ, PAEZ, Circuit Judges, and WEINER,* Senior Judge.

## MEMORANDUM **

Appellant Charles Wittman appeals the district court's dismissal of his complaint ("Complaint") against twenty-nine state and local government employees and agencies under Rules 12(b)(1) and 12(b)(6).[1] We have jurisdiction pursuant to 12 U.S.C. § 1291 and we affirm in part, reverse in part and remand.

The district court entered two orders in this case. In the first order, the district court dismissed Wittman's claims against Judge Edwards and Commissioner McCarthy on the ground that they enjoyed absolute judicial immunity. It also dismissed Wittman's challenges to the juvenile dependency proceedings because it held that Wittman lacked standing to challenge the juvenile court's determination that he was not entitled to de facto parental status. In the second order, the court dismissed all of Wittman's remaining claims. In dismissing Wittman's claims, the district court held that Wittman failed to state a claim for relief under Rule 12(b)(6) because he had not alleged a constitutional right to associate with the Mah children. The court did not, however, address whether Wittman had alleged a constitutional right to associate with his fiancé, Kelly Lynn Mah.

### I.

We review *de novo* the district court's dismissal of Wittman's complaint. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.2003). As a preliminary matter, we conclude that Wittman alleged sufficient facts to state a claim that the individual defendants violated his First Amendment right to freely associate with his fiancé. *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1188 (9th Cir.1995) ("The First Amendment, while not expressly containing a 'right of association,' does protect 'certain intimate human relationships,' as well as the right to associate for the purposes of engaging in those expressive activities otherwise protected by the Constitution.") (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 617–18, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984)). The First Amendment right of association "protects those relationships, including family relationships, that presuppose 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of beliefs but also distinctly personal aspects of one's life.'" *Bd. of Directors of Rotary*

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

*Int'l v. Rotary Club of Duarte, et al.,* 481 U.S. 537, 545–46, 107 S.Ct. 1940, 95 L.Ed.2d 474 (1987) (quoting *Roberts,* 468 U.S. at 619–20). Thus, the First Amendment right of association extends to individuals involved in an intimate relationship, such as fiancés. Accordingly, the district court erred in dismissing Wittman's Complaint for failure to state a claim. We agree, however, that Wittman's claim for damages against the State and County individual defendants may nonetheless be dismissed because those defendants are entitled to immunity.

## II.

The California Department of Social Services, the Superior Court of California, and the individual State defendants,[2] sued in their official capacity, are state actors for purposes of Eleventh Amendment immunity. *See Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir.1987). As such, Wittman's claims for damages against the California Department of Social Services, the Superior Court of California, and the individual state defendants, acting in their official capacities, are barred by the Eleventh Amendment. *See id.*[3]

■ We also agree with the district court that Judge Edwards and Commissioner McCarthy enjoy absolute judicial immunity from Wittman's suit for damages. *See Crooks v. Maynard,* 913 F.2d 699, 700 (9th Cir.1990). The factual allegations make clear that the alleged liability of these judicial officers stems from actions undertaken in connection with their judicial duties and thus, these defendants enjoy absolute immunity. *See id.*

■ Moreover, we affirm the district court's dismissal of Wittman's claim for injunctive relief against both Judge Edwards and Commissioner McCarthy because Wittman failed to state a claim that Commissioner McCarthy denied him his fundamental right to access the courts by precluding him from Jason's[4] dependency hearings and by instructing the clerk's office not to accept filings from Wittman. Because he is not an attorney, Wittman did not have the right to appear before the juvenile court on behalf of the Mah family; nor did he have the right to be present at any of the children's case status hearings. *See* Santa Clara County Superior Court Local Rule 3–9. Because he is not a parent or guardian of the Mah children, Commissioner McCarthy ruled that Wittman did not possess a personal right to appear in the custody proceedings.[5] *See, e.g., In re Jamie G.,* 196 Cal.App.3d 675, 682, 241 Cal.Rptr. 869 (Cal.App.1987) (noting that foster parents do not have a constitutionally protected liberty interest in the continued custody of their non-biological children). Wittman's exclusion from those proceedings did not violate any right be-

---

**2.** Defendants Rita Saenz, Peter Castillo, Larry Bolton, Del Sayles–Owen, Nancy Stone, Jack Wright and Greta Gross.

**3.** Although Wittman also sued some State employees in their individual capacities, we agree with the district court that the factual allegations in Wittman's Complaint make it clear that the alleged liability of the State defendants occurred within the scope of their official duties. Thus, as state agents, they are entitled to Eleventh Amendment immunity. *See Zolin,* 812 F.2d at 1110.

**4.** Jason is one Kelly Mah's children. Wittman is not related to Jason.

**5.** We cannot review the Superior Court's determination of Wittman's parental rights or custodial privileges. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 1315–16, 75 L.Ed.2d 206 (1983). *See also Noel v. Hall,* 341 F.3d 1148, 1154–56 (9th Cir.2003).

cause he cannot show any liberty or statutory interest in obtaining visitation or custody rights to Jason. *See Mullins v. State of Oregon,* 57 F.3d 789, 796 (9th Cir.1995). Furthermore, Commissioner McCarthy's note to the clerk's office did not impermissibly interfere with Wittman's right to access the court—having no right to visitation and custody in the first place, there was no basis on which Wittman could challenge the Commissioner's order denying him visitation and custody of Jason.

### III.

Wittman also sued several local government agencies and employees, in their individual and official capacities, including the Santa Clara County Social Services Agency and its department, the Child Protective Services, the Santa Clara County Board of Supervisors and individual members of the Board, the former and current directors of the Santa Clara County Department of Family and Children's Services, several social worker supervisors, and social workers.

### A.

■ The County Board members[6] are entitled to qualified immunity for their alleged failure to investigate and take action to stop the alleged violation of Wittman's civil rights by the Santa Clara County Social Services Agency. *See Zamsky v. Hansell,* 933 F.2d 677, 679 (9th Cir.1991). The determination of qualified immunity is a two step process: First, we must decide whether, taking the facts in the light most favorable to the party asserting the injury, that party has alleged the deprivation of a constitutional right. *Devereaux v. Abbey,*

263 F.3d 1070, 1074 (9th Cir.2001); *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Second, we must ask if the right was clearly established such that it would be clear to a reasonable board member that his or her conduct was unlawful in the situation he or she confronted. *Id.*

Although, as noted above, Wittman has alleged a violation of his First Amendment right to freely associate with his fiancé, that right was not clearly established such that a reasonable board member would have known that his or her alleged acts and omissions would violate Wittman's right to freely associate with his fiancé. *See Jeffers v. Gomez,* 267 F.3d 865, 910 (9th Cir.2001). Therefore, the individual Board members are entitled to qualified immunity.

We also hold that County counsel[7] are entitled, at the very least, to qualified immunity. *See Ceballos v. Garcetti,* 361 F.3d 1168, 1183—84 (9th Cir.2004). Because Wittman's constitutional claim was not clearly established, the County counsel are entitled to qualified immunity. *See Jeffers,* 267 F.3d at 910.

Finally, we agree that the social worker supervisors and social workers[8] are entitled to qualified immunity, at the very least, because Wittman's constitutional claim was not clearly established such that a reasonable social worker would know that his or her actions would violate Wittman's right to freely associate with his fiancé. *See id.*

### B.

Wittman also asked for injunctive relief against the State and County employees,

---

6. Defendants Donald F. Gage, Jack T. Beall, Blanca Alvarado, Pete McHugh, Liz Kniss.

7. Defendants Ann Miller Ravel and Karen E. Heggie.

8. Defendants Will Lightbourne, Yolanda Rinaldo, Leroy Martin, Gene Platner, Linda Castald, Suzanne Jarrouj, Patricia Guesick, Kathleen Dudley, and Barbara Eddy.

acting in their individual capacities. Eleventh Amendment immunity does not apply to suits for prospective injunctive relief brought against defendants acting in their individual capacities. *See Savage,* 343 F.3d at 1040. Similarly, qualified immunity does not bar a claim of prospective injunctive relief. *See Vance v. Barrett,* 345 F.3d 1083, 1091 n. 10 (9th Cir.2003).

The district court did not decide whether Wittman was entitled to injunctive relief because it found that Wittman had otherwise failed to state a claim for which relief could be granted. However, because the district court erred in dismissing Wittman's Complaint for failure to state a claim, we remand to the district court so that it can determine whether Wittman is entitled to injunctive relief against any of the State and County individual defendants and agencies.

## IV.

Wittman also sued the County of Santa Clara. However, because the district court dismissed his complaint under Rule 12(b)(6), it did not consider whether Wittman may maintain his action against the County under *Monell v. Dep't of Social Services of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). We remand this claim to the district court so that it may determine in the first instance whether Wittman may seek damages and/or injunctive relief against the County under a *Monell* theory of liability.

## V.

Wittman also raised numerous other "questions" but failed to address them in his brief with some argument as to why the district court's ruling on these issues should be reversed. Issues raised in a brief that are not supported by argument are deemed abandoned. *See Independent Towers of Wash. v. State of Washington,* 350 F.3d 925, 929 (9th Cir.2003). We therefore deem Wittman's additional "questions" abandoned and do not address them.

Accordingly, the district court's dismissal of Wittman's Complaint is **AFFIRMED IN PART, REVERSED IN PART AND REMANDED.** Each party shall bear its own costs on appeal