**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CLIFTON W. PANOS,

      Plaintiff-Appellant,

v.

SUPREME COURT OF UTAH, a
governmental entity; CHIEF JUSTICE
CHRISTINE DURHAM, in her
individual and official capacity;
ASSOC. CHIEF JUSTICE MICHAEL
J. WILKINS, in his individual and
official capacity; JUSTICE
MATTHEW B. DURRANT, in his
individual and official capacity;
JUSTICE JILL N. PARRISH, in her
individual and official capacity;
JUSTICE RONALD NEHRING, in his
individual and official capacity;
SPECIAL MASTER JUDITH S.
ATHERTON, in her individual and
official capacity,

      Defendants-Appellees.

No. 06-4000
(D.C. No. 2:05-CV-950-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and

(continued...)

Before **TACHA**, Chief Judge**, O'BRIEN**, and **McCONNELL**, Circuit Judges.

Plaintiff-Appellant Clifton W. Panos filed a 42 U.S.C. § 1983 civil rights complaint in the federal district court against the Supreme Court of Utah, all of its Justices, and a Special Master of the Court, individually and in their official capacities, seeking to enjoin enforcement of certain orders issued against him. The district court dismissed the complaint for lack of subject-matter jurisdiction. Mr. Panos appeals, and we affirm.

The Supreme Court of Utah issued an order in April 2005 (the "Sanctions Order") imposing certain filing and contact restrictions against Mr. Panos, and it has twice cited Mr. Panos for contempt of court. Mr. Panos then filed his § 1983 complaint in federal district order claiming that the Sanctions Order and the contempt citations violate his federal and constitutional rights to court access, free association, free expression, and equal protection. He sought declaratory and injunctive relief to prohibit the Utah Supreme Court and the defendants from enforcing the contempt citations and the Sanction Order.

The district court dismissed the complaint for lack of subject-matter jurisdiction, ruling that Mr. Panos' challenge of the Utah Supreme Court's orders was barred by the *Rooker-Feldman* doctrine. S*ee D.C. Court of Appeals v.*

*(...continued)
conditions of 10th Cir. R. 36.3.

*Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction. *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998). We construe Mr. Panos' pleadings liberally because he appears pro se. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This doctrine is based upon an inference that follows from 28 U.S.C. § 1257(a), which provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." Because appellate jurisdiction over state court judgments has been vested exclusively in the Supreme Court, "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment" of a state's highest court. *Rooker*, 263 U.S. at 416.

Mr. Panos' § 1983 complaint complains of an injury caused by state court judgments, here the contempt citations and the Sanction Order, and he seeks review and rejection of those orders. Although he is nominally seeking declaratory and injunctive relief, Mr. Panos is seeking to reverse the Utah

Supreme Court's contempt citations and Sanction Order. *See Stern v. Nix*, 840 F.2d 208, 212 (3d Cir. 1988) (ruling that *Rooker-Feldman* doctrine deprived district court of jurisdiction over § 1983 complaint seeking to enjoin enforcement of state court disciplinary disbarment order because suit effectively required review of the state court's order).

Mr. Panos contends that the Rooker-Feldman doctrine is inapplicable because the state court, in imposing the contempt citations and the Sanctions Order, was acting in an administrative, not a judicial, capacity. *See Feldman*, 460 U.S. at 479 (holding that *Rooker-Feldman* doctrine does not apply when proceedings before the court are not judicial in nature, but legislative, ministerial, or administrative). We disagree. The Utah Supreme Court was not engaged in general rulemaking; both the contempt citations and the Sanctions Order involved judicial inquiries, and were clearly judicial in nature. *See In re Chapman*, 328 F.3d 903, 904 (7th Cir. 2003) (holding that imposition of filing restrictions are judicial in nature, not administrative); *Crooks v. Maynard*, 913 F.2d 699 (9th Cir. 1990) (holding that judge's contempt citation, even against a non-litigant, is clearly a judicial act).

The district court correctly ruled that it lacked jurisdiction over Mr. Panos' complaint pursuant to the *Rooker-Feldman* doctrine. Accordingly, the judgment of the district court is AFFIRMED. Mr. Panos' motion for appointment of counsel is DENIED, and his second renewed motion for injunctive relief pending appeal is DENIED as moot.

Entered for the Court


Deanell Reece Tacha
Chief Circuit Judge