**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM LIGHTNER,

             Plaintiff - Appellant,

    v.

PAMELA HUNTSMAN; et al.,

             Defendants - Appellees.

No. 09-35905

D.C. No. 1:08-cv-00259-BLW-REB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

    William Lightner, an Idaho state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

violated his constitutional rights in connection with his designation as a Violent

Sexual Predator. We have jurisdiction under 28 U.S.C. § 1291. We review de

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (*Rooker-Feldman*); *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990) (judicial immunity); *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (statute of limitations).

To the extent that Lightner's claims are based on the premise that the state court decision affirming his designation as a Violent Sexual Predator was erroneous, the district court properly dismissed the claims as barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

The district court properly dismissed the claims against Judge Judd, Judge Schroeder, and the State of Idaho, because these defendants are immune from liability. *See* 42 U.S.C. § 1983 (barring injunctive relief against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable"); *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) ("'The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state . . . .'" (citation omitted)).

The district court properly dismissed Lightner's remaining claims as time-barred. *See* Idaho Code Ann. § 5-219(4) (two-year statute of limitations for personal injury actions); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 actions are governed by the forum state's statute of limitations for personal injury actions, and a claim accrues when the plaintiff knows or should know of the injury which is the basis of the action).

Lightner's contentions concerning accrual are unpersuasive. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (a mere continuing impact from past violations does not give rise to a new cause of action); *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981) (a subsequent decision recognizing a cause of action does not delay accrual of the limitations period). We are also not persuaded by Lightner's contention that the statute of limitations was tolled, including while his state lawsuit was pending. *See Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990) (plaintiffs in § 1983 suits do not need to exhaust state judicial remedies).

Lightner's remaining contentions, including those about the merits of his claims, are unavailing.

**AFFIRMED.**