NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| CAREE HARPER,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>OTIS D. WRIGHT II, U.S. District Court Judge, individual and official capacities; et al.,<br><br>　　　　Defendants-Appellees. | No.　19-55915<br>　　　20-55509<br><br>D.C. No. 2:17-cv-01709-RGK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 4, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Caree Harper appeals the dismissal of her claims against Judge Otis Wright and the denial of her motion for leave to amend her complaint.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's judicial immunity determination, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004), and review for abuse of discretion the district court's denial of leave to amend, *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

**A. Judicial Immunity**

Plaintiff argues that her claims against Judge Wright are not barred by judicial immunity. "Judges . . . are absolutely immune from damage[s] liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Judicial immunity is only overcome in two circumstances: when the judge "acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Here, Judge Wright held Plaintiff in contempt of court during a status conference for refusing to answer his questions about her retainer agreement and

---

[1] To the extent that Plaintiff also challenges the dismissal of her tort claims against the United States, the district court correctly determined that it lacked jurisdiction over these claims because Plaintiff failed to administratively exhaust them, as required under the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).

2

directed the U.S. Marshals to take her into custody. First, Judge Wright acted within his jurisdiction during this status conference. The conference related to settlement issues and was held during the 90-day period of the court's retained jurisdiction, on which the parties conditioned their stipulated case dismissal. Second, Judge Wright's specific action, exercising his contempt power, was judicial in nature. *See Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990) (holding plaintiffs in contempt of court is a judicial act). That Judge Wright allegedly instructed the U.S. Marshals to use excessive force and jeered at Plaintiff does not change that result, as the inquiry into the applicability of judicial immunity focuses on "the nature and function of the act, not the act itself." *Mireles v. Waco*, 502 U.S. 9, 13 (1991) (quotations omitted); *see also Forrester v. White*, 484 U.S. 219, 227 (1988) ("[A] sanction for contempt of court . . . does not become less judicial by virtue of an allegation of malice or corruption of motive."). Accordingly, Plaintiff's claims against Judge Wright are barred by judicial immunity.

## B. Leave to Amend

Plaintiff also argues that the district court abused its discretion in denying her motion for leave to amend to assert a claim against unnamed U.S. Marshals and unnamed private security guards under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "[T]he liberality in granting leave to amend is subject to several limitations," including "where the amendment of the

3

complaint . . . is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

Here, the district court originally dismissed Plaintiff's claims, under 42 U.S.C. § 1983 and in tort, against unnamed U.S. Marshals and private security guards for failure to effect service of process. *See* Fed. R. Civ. P. 4(m). On appeal, Plaintiff does not challenge this dismissal. Instead, Plaintiff appeals the denial of her motion for leave to amend to assert an entirely new *Bivens* claim against these unnamed defendants. Plaintiff does not claim that good cause supports her request for leave to amend. *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). Nor has she taken any action to identify and serve these individuals since filing this case. Moreover, Plaintiff has not filed a proposed amended complaint. Accordingly, the district court did not err in denying Plaintiff's motion for leave to amend.

**AFFIRMED.**