NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SALLY JANE BRANDENFELS,<br><br>Debtor,<br><br>------------------------------<br><br>SALLY JANE BRANDENFELS,<br><br>Appellant,<br><br> v.<br><br>TICOR TITLE INSURANCE CO.,<br><br>Appellee. | No.   15-60075<br><br>BAP No. 14-1145<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Jury, and Faris, Bankruptcy Judges, Presiding

Submitted June 9, 2017[**]
Portland, Oregon

Before:  GOULD and RAWLINSON, Circuit Judges, and RAYES,[***] District

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Judge.

Chapter 7 debtor Sally Brandenfels appeals a decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's decision granting Ticor Title Insurance Company's ("Ticor") motion to deny a discharge under 11 U.S.C. § 727(a)(3). We have jurisdiction under 28 U.S.C. § 158(d)(1) and affirm.

We conclude, contrary to Brandenfels's argument, that the bankruptcy court applied the correct legal standard when addressing Ticor's claim that Brandenfels did not keep adequate records. Under our case law, Section 727(a)(3) creates a burden-shifting framework. The creditor must first prove "(1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." *Caneva v. Sun Cmtys. Operating Ltd. P'ship* (*In re Caneva*), 550 F.3d 755, 761 (9th Cir. 2008) (internal quotation marks omitted). "[T]he burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records." *Id.* (internal quotation marks omitted).

Here, the bankruptcy court properly concluded that Brandenfels unjustifiably failed to keep adequate records. The bankruptcy court identified three valid grounds for concluding that the records were inadequately kept: (1) that Brandenfels could not account for substantial cash withdrawals taken from her company's corporate account; (2) that she failed to split her records by indicating

2

which expenditures were personal and which were business related; and (3) that she failed to explain her payments of corporate funds to third parties. *See Stewart Enters., Inc. v. Horton* (*In re Horton*), 621 F.2d 968, 971–92 (9th Cir. 1980); *Caneva*, 550 F.3d at 761–62. In light of Brandenfels's own testimony that she took measures to avoid Ticor's garnishments, the bankruptcy court properly found that the inadequacies in Brandenfels's records were unjustified.

Ticor did not abandon its claim under Section 727(a)(3). The bankruptcy court and the parties discussed the issue of Brandenfels's recordkeeping at length at trial and the bankruptcy court expressly confirmed with Ticor's counsel that Ticor was not withdrawing its Section 727(a)(3) claim.

**AFFIRMED.**