**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES DALE HUFFMAN, Esquire, | No. 22-35471 |
| *Plaintiff-Appellant*, | |
| | D.C. No. 3:21-cv-00343-AC |
| v. | |
| AMY LINDGREN; SAMUEL ERSKINE; CITY OF ST. HELENS, | OPINION |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted August 25, 2023[*]
San Francisco, California

Filed September 1, 2023

Before: Michael Daly Hawkins, Sidney R. Thomas, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY[**]

## Pro Se Litigant Attorneys

The panel affirmed the district court's dismissal with prejudice of a complaint and held, in accordance with other circuits, that pro se litigants who are also attorneys should not be afforded special consideration or be treated as proceeding without counsel under the Circuit Rules.

James Huffman, a practicing attorney, sued a municipal court judge, a prosecutor, and the City of St. Helens, Oregon, in state court. After defendants removed the case to federal court, Huffman moved to remand to state court, claiming that, although his complaint referenced federal law, it was poorly drafted, and he did not intend to bring federal claims. The district court severed and remanded the state-only claims, and dismissed the retained claims with prejudice. On appeal, Huffman filed an informal pro se brief and argued that he should have been granted leave to amend his complaint to exclude any mention of a federal claim and to seek a remand to state court.

The panel held that, although there is a good reason for awarding leeway to pro se parties who presumably are unskilled in the law and more prone to make pleading errors, that logic does not apply to practicing attorneys.

Noting that Huffman neither moved to amend in the district court nor voluntarily moved to dismiss his case, the panel determined that his attempt to backtrack seemed aimed

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

at robbing the government of its removal option and ensuring another bite at the apple in state court. The panel held that a sophisticated attorney like Huffman should not be allowed to jettison his own complaint when it is beneficial yet avoid the consequences of that renunciation.

Addressing the merits, the panel held that because Hoffman facially alleged a violation of his federal rights, the district court had federal question jurisdiction. In view of the immunity of the government defendants, the complaint could not be saved by amendment and therefore the district court's dismissal without leave to amend was proper.

## COUNSEL

James D. Huffman, Scappoose, Oregon, pro se Plaintiff-Appellant.

Aaron P. Hisel and Elizabeth A. Jones, Law Offices of Montoya Hisel and Associates, Salem, Oregon, for Defendants-Appellees.

# OPINION

McKEOWN, Circuit Judge:

This appeal asks us to consider whether pro se litigants who are also attorneys should be afforded liberal pleading construction and treated as proceeding without counsel under Circuit Rules 28-1(c) and 30-1.3. James Huffman, a practicing attorney, sued a municipal court judge, a prosecutor, and the City of St. Helens, Oregon in Columbia County Circuit Court. Huffman contends that, via an oral motion, he disqualified Judge Lindgren from hearing his client's case; he alleges that she ignored this disqualification, held him in contempt, and imprisoned him for six hours. The defendants, collectively "the government," removed to federal court. Huffman moved to remand to state court, claiming that, although his complaint referenced federal law, he did not intend to bring federal claims. The district court dismissed his case with prejudice, and adopted the magistrate judge's findings and recommendations, which noted that Huffman was afforded a liberal pleading standard. On appeal, resting on his perceived pro se status, Huffman argues that he should have been granted leave to amend his complaint to exclude any mention of a federal claim and seek a remand to state court. Joining our sister circuits, we take the opportunity to clarify that attorneys representing themselves should not be afforded special consideration and do not fall into the category of those "proceeding without assistance of counsel." Circuit Rule 28-1(c). We affirm the district court's dismissal with prejudice.

## BACKGROUND

The strangeness of the facts in this case is matched only by the oddity of the jurisdictional posture. Huffman, an

attorney who has argued before our court on three occasions and appeared on multiple other occasions,[1] was representing a client in City of St. Helen's Municipal Court when he concluded that the judge hearing his case would not give him a fair shake. He informed Judge Lindgren that he was orally disqualifying her. Huffman alleges that Judge Lindgren violated his state and federal constitutional rights by ignoring his oral dictum and holding him in contempt. Huffman also ropes in the prosecutor opposing him in that case, Sam Erskine, and the City of St. Helens, alleging Erskine made a "malicious statement" against him in the hearing and the City is responsible for the acts of the allegedly rogue judge.

Pointing to Huffman's references to federal constitutional rights and violations of equal protection and due process, the government removed the case to federal court. The district court severed and remanded the state-only claims, keeping jurisdiction over the apparent 42 U.S.C. § 1983 claim and the related state-law claims for the courtroom incident. *Huffman v. Lindgren*, No. 3:21-cv-00343-AC, 2022 WL 1479514, at *10 (D. Or. Apr. 18, 2022), *findings and recommendation adopted*, 2022 WL 1473732 (D. Or. May 9, 2022). The district court dismissed

---

[1] *See Holloway v. Clackamas River Water*, 739 F. App'x 868 (9th Cir. 2018); *Mitchell v. Clackamas River Water*, 727 F. App'x 418 (9th Cir. 2018); *Thornton v. City of St. Helens*, 425 F.3d 1158 (9th Cir. 2005). Apart from this case, Huffman has appeared or been a party in this court on six total occasions—including facing a reciprocal discipline suspension, in which he was suspended from practice in the circuit concurrent with his suspension from the Oregon bar. *See In re James Dale Huffman*, No. 22-80025 (9th Cir. 2022) (disciplinary proceedings); *see also In re Brandenfels*, 692 F. App'x 461 (9th Cir. 2017); *In re Holloway*, No. 20-35888 (9th Cir. 2022) (withdrew as counsel before briefing).

the retained claims with prejudice. Huffman urges that the complaint was just poorly drafted; he never meant to include federal claims, so he asked for leave to amend so he can seek remand to state court. On appeal, Huffman took advantage of circuit rules that afford leeway to pro se litigants, filing an informal brief without excerpts of records and leaving the tasks of formal briefing and record excerpts to the government. *See* Circuit Rules 28-1(c); 30-1.3.

## ANALYSIS

We begin by assuring ourselves of jurisdiction, as Huffman argues that he never intended to include a federal claim. Despite Huffman's second thoughts about his own allegations, the complaint is unambiguous, stating that the imprisonment in county jail for six hours "was a violation of [his] state a [sic] federal constitutional rights" and the judge's acts against him were "violation[s] of the plaintiffs [sic] right to due process and equal protection." The district court correctly determined that the complaint raises a federal question and the "state claims arising from the January 2019 Hearings share a common nucleus of operative fact with his federal claims[,]" affording supplemental jurisdiction. *Huffman*, 2022 WL 1479514, at \*5; *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Huffman's argument that his complaint was poorly written is creative but unavailing. Huffman neither moved to amend in the district court nor voluntarily dismissed the case, and his attempt at backtracking now seems aimed at robbing the government of its removal option and ensuring another bite at the apple in state court. A sophisticated attorney like Huffman should not be allowed to jettison his own complaint when it is beneficial yet avoid the consequences of that renunciation. Because Huffman

facially alleged a violation of his federal rights, the district court had federal question jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291.

We next address the proper pleading standard for a pro se litigant who is also a licensed attorney, a question that has split several district courts in this circuit. The Central District of California has declined to afford pro se attorneys leniency. *See Spadaro v. County of San Bernadino*, No. 5:19-cv-01054-CJC (SHK), 2019 WL 8064075, at \*3 (C.D. Cal. Dec. 16, 2019) ("With respect to the liberality with which the Court assesses a complaint for compliance with the technical requirements under the Federal Rules of Civil Procedure, a pro se litigant who is an attorney is not afforded the 'special consideration which the courts customarily grant to pro se parties.'" (quoting *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001))), *report and recommendation adopted*, 2020 WL 917281 (C.D. Cal. Feb. 24, 2020). In contrast, courts in the District of Hawaii and the Southern District of California have chosen to liberally construe the filings of attorneys who appear pro se. *See Rossmann v. Pompeo*, No. 17-00539 DKW-KJM, 2017 WL 5163232, at \*1 (D. Haw. Nov. 7, 2017); *Osgood v. Main Streat Mktg., LLC*, No. 16cv2415-GPC(BGS), 2017 WL 131829, at \*3–4 (S.D. Cal. Jan. 13, 2017) ("Since the law is not settled in this circuit on whether a pro se plaintiff who attended law school and has past litigation experience is entitled to liberal construction of his or her pleadings, the Court will liberally construe Plaintiff Ewing's pleadings."). The findings and recommendations adopted by the district court acknowledged this divide and "continue[d] to construe Huffman's complaint liberally and allow[ed] him leave to amend when possible." *Huffman*, 2022 WL 1479514, at \*4.

The circuits that have reached the issue speak with one voice: they have uniformly declined to extend the liberal pleading standard to pro se attorneys. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (noting that "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation" and "a lawyer representing himself ordinarily receives no such solicitude at all"); *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (concluding that it was not an abuse of discretion to deny pro se practicing attorneys special consideration); *Comm. on the Conduct of Att'ys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007) (declining to extend liberal construction to a licensed attorney); *Godlove v. Bamberger, Foreman, Oswald, & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of *pro se* applicants gently, but a *pro se* lawyer is entitled to no special consideration.").

We join this chorus. There is a good reason that we afford leeway to pro se parties, who appear without counsel and without the benefit of sophisticated representation: "Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (citation omitted). That logic does not apply to practicing attorneys, nor should the grace extend to them.

Turning to the merits, we construe Huffman's pleadings without deference and conclude that his claims are deficient, and amendment would be futile. Huffman's claims against the prosecutor and the City are cursory at best, and his appeal seems aimed entirely at Judge Lindgren. Huffman's only mention of his claims against Erskine and the City of St. Helens is his note that "[t]here are a variety of bases to bring

actions against the other defendants that were admittedly not clear enough in the complaint to withstand a motion to separately state the claims and make more definite and certain.  Any pleading defects are clearly curable by amendment."  Huffman does not explain how he would amend to cure the defects against these defendants.

As is, Huffman alleges that the prosecutor, Erskine, did not take appropriate steps to ensure that a pro tem judge was assigned, and he "made a false a [sic] malicious statement that the City of St. Helens had no provision for pro tem judges."  Huffman fails to state a claim against Erskine; even if there was a cause of action for interference or "malicious statement," Erskine would be shielded by prosecutorial immunity.  *See Imbler v. Pachtman*, 424 U.S. 409, 420–28 (1976).  Huffman fares no better against the City of St. Helens.  Huffman seems to allege that the City is liable for the judge's alleged acts, but "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The state-law claims also fail because Huffman does not include sufficient facts to state a plausible claim.  In addition, judicial and prosecutorial immunity are imputed to the City. *See* OR. REV. STAT. § 30.265(5).  Because Huffman's claims against Erskine and the City of St. Helens are deficient without any sign that he could amend to state a claim, we affirm dismissal of these claims without leave to amend.

The bulk of Huffman's appeal is targeted at Judge Lindgren, who held him in contempt, a function shielded by judicial immunity.  *See Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).  Huffman claims that he orally disqualified Lindgren at the January 3 hearing.  The government responds that Oregon law requires a subsequent written motion and affidavit to be filed by the next judicial

day after oral notice. *See* OR. REV. STAT. § 14.270. This spat between the parties over whether Huffman complied with Oregon law does not implicate Judge Lindgren's judicial immunity.**²** The district court correctly concluded that Judge Lindgren is immune. *See Crooks*, 913 F.2d at 700.

In view of the immunity of the government defendants, where, as here, "it is clear that the complaint could not be saved by amendment," then "dismissal without leave to amend is proper." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation omitted) (cleaned up). We affirm the dismissal with prejudice of Huffman's complaint.

**AFFIRMED.**

---

² The government has moved for judicial notice of Huffman's motion for disqualification on January 11, arguing that this record shows that Huffman failed to properly disqualify Lindgren as of the January 3 or January 10 hearing. We deny the motion as unnecessary given our conclusion that amendment is futile.