**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellant / Cross-Appellee,*

v.

TIMBERLY E. HUGHES,

*Defendant-Appellee / Cross-Appellant.*

Nos.   23-15712
23-15713

D.C. No. 3:18-cv-05931-JCS

OPINION

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Submitted August 14, 2024[*]
San Francisco, California

Filed August 21, 2024

Before: Susan P. Graber, Consuelo M. Callahan, and Lucy
H. Koh, Circuit Judges.

Opinion by Judge Koh

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Bank Secrecy Act

The panel affirmed the district court's determination that Timberly Hughes willfully failed to report foreign bank accounts in violation of 31 U.S.C. §§ 5314 and 5321, and its entry of final judgment against her in the amount of $238,125.19 in substantive penalties.

Under the Bank Secrecy Act of 1970, United States citizens, likes Hughes, must file a Report of Foreign Bank and Financial Accounts ("FBAR"), an annual report of transactions and relationships with financial agencies. The panel rejected Hughes's contention that the district court should have been required to find that she subjectively intended not to file her 2012 and 2013 FBARs before concluding that the United States could assess willful civil penalties against her. Agreeing with the district court, which followed the Supreme Court's reasoning in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007), the panel held that for purposes of civil penalties for failure to report foreign bank accounts, "willfulness" can be shown by proof of objective recklessness as well as subjective intent.

The panel addressed the remainder of Hughes's challenges and the United States' cross appeal in a concurrently filed memorandum disposition.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Paul A. Allulis, Arthur T. Catterall, and Ty Halasz, Attorneys; Ismail J. Ramsey, United States Attorney, Of Counsel; David A. Hubbert, Deputy Assistant Attorney General; United States Department of Justice, Tax Division, Appellate Section, Washington, D.C.; for Plaintiff-Appellant.

Timberly E. Hughes, Pro Se, San Francisco, California, for Defendant-Appellee.

**OPINION**

KOH, Circuit Judge:

Timberly Hughes appeals the district court's determination that she willfully failed to report foreign bank accounts, in violation of 31 U.S.C. §§ 5314 and 5321, and its entry of final judgment against her in the amount of $238,125.19 in substantive penalties. The United States appeals the district court's determination that the United States is not entitled to prejudgment interest or late payment penalties under 31 U.S.C. § 3717(a)(1), (e)(2).

Among her other challenges to the district court's orders, Hughes argues that the district court applied the wrong legal standard when determining that her failure to file was willful. The district court, following the Supreme Court's reasoning in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007), agreed with out-of-circuit decisions that, for purposes of civil penalties for failure to report foreign bank accounts, "willfulness" can be shown by proof of objective recklessness as well as subjective intent. We agree with the

district court and every other Court of Appeals to consider this question that an objective recklessness standard is appropriate, and we affirm.[1]

## I.

Under the Bank Secrecy Act of 1970, United States citizens, like Hughes, must file annual reports of transactions and relationships with foreign financial agencies.  31 U.S.C. § 5314(a).  This annual report is known as the Report of Foreign Bank and Financial Accounts ("FBAR").  31 C.F.R. § 1010.350(a).  The Secretary of the Treasury "may impose a civil money penalty" on anyone who violates § 5314, but the amount of the penalty varies depending on whether the violation was willful or not willful.  31 U.S.C. § 5321(a)(5). The penalty for a non-willful violation "shall not exceed $10,000," § 5321(a)(5)(B)(i), but the statute "penalizes willful violations involving misreporting or non-reporting of account information up to the greater of 50 percent of the account balance, or $100,000."  *United States v. Boyd*, 991 F.3d 1077, 1080 (9th Cir. 2021) (citing § 5321(a)(5)(C)(i)).

Hughes has owned a New Zealand limited company, which she uses to operate a winery in New Zealand, since 2001.  In 2013, she formed another limited company to operate a wine bar, also in New Zealand.  Hughes was the sole owner of both companies and therefore had a financial interest in and signature authority over the companies' accounts at ANZ Bank New Zealand Limited.

Hughes failed to file FBARs as required for the years 2010 through 2013.  The United States determined that

---

[1] We address the remainder of Hughes's challenges, as well as the United States' cross appeal, in a concurrently filed memorandum disposition. As to those issues, we affirm in part, reverse in part, and remand.

Hughes's failure to file was "willful" and assessed penalties against her totaling $678,899. When Hughes did not pay, the United States filed suit in federal court to collect and sought prejudgment interest and late payment penalties.

The district court held a bench trial and, in October 2021, issued a decision finding that Hughes's failure to file in 2012 and 2013 was "willful" for purposes of the FBAR statute. Relevant here, the court concluded that, for purposes of civil FBAR penalties, "willfulness" can be shown through "recklessness or willful blindness." The court reasoned that the Third and Fourth Circuits and several district courts had so held, that the Supreme Court's decision in *Safeco* supported such a conclusion, and that Hughes "does not dispute that [the] applicable standard encompasses recklessness." Although the district court acknowledged that the Ninth Circuit had not addressed the issue, the district court found "the cases applying a recklessness standard to be better reasoned and consistent with" *Safeco*.

Legal standard aside, the district court explained that, in 2012 and 2013, Hughes "plainly saw at least the basic instructions" that she was required to file an FBAR because on her 2012 return she checked the accompanying box indicating that she was required to file an FBAR—yet failed to do so—and in her 2013 return she answered the same question, albeit "differently (and inaccurately)." As to 2010 and 2011, however, there was no evidence that Hughes was aware of the FBAR filing requirement or was presented with information that would have put her on notice of such a requirement. Accordingly, the court found that Hughes's failure to file was willful in 2012 and 2013 but not in 2010 or 2011.

## II.

We review "legal questions, such as the meaning of a statute, de novo." *N.E. ex rel. C.E. & P.E. v. Seattle Sch. Dist.*, 842 F.3d 1093, 1095–96 (9th Cir. 2016). As noted above, Hughes conceded before the district court that "willfulness" may be shown by objective recklessness for purposes of civil FBAR penalties. Hughes therefore failed to preserve her challenge to the applicable standard. *See Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014).

We may, however, exercise our discretion to consider a waived issue "when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed." *Id.* (quoting *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012)). Such circumstances are present here. Moreover, "we afford leeway to pro se parties, who appear without counsel and without the benefit of sophisticated representation." *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023). In light of Hughes's appearance pro se, and, particularly, because addressing this issue will clarify the law in our circuit, we exercise our discretion to consider Hughes's argument.

## III.

Hughes argues that the district court should have been required to find that she subjectively intended not to file her 2012 and 2013 FBARs before concluding that the United States could assess willful civil penalties against her. In doing so, she concededly asks the Ninth Circuit to break with the Third, Fourth, Sixth, Eleventh, and Federal Circuits and hold that *Safeco*'s reasoning does not apply to the FBAR statute.

In *Safeco*, a case concerning the Fair Credit Reporting Act, the Supreme Court held that, "where willfulness is a statutory condition of civil liability," it generally applies to "not only knowing violations of a standard, but reckless ones as well." 551 U.S. at 57. "This construction reflects common law usage, which treated actions in 'reckless disregard' of the law as 'willful' violations." *Id.* The Court reasoned that limiting "willful" violations to "knowing" ones, as the Court has done in the criminal context, is usually inappropriate in the civil context, which "typically presents neither the textual nor the substantive reasons" for requiring subjective knowledge of wrongdoing. *Id.* at 57 n.9.

*Safeco*'s reasoning applies equally to civil FBAR penalties under the Bank Secrecy Act. Like the Fair Credit Reporting Act, the Bank Secrecy Act contains civil and criminal penalties, both of which apply a willfulness standard. *Compare* 31 U.S.C. § 5321 (civil penalties), *with* 31 U.S.C. § 5322 (criminal penalties). True, "[a] term appearing in several places in a statutory text is generally read the same way each time it appears." *Ratzlaf v. United States*, 510 U.S. 135, 143 (1994). However, the Supreme Court has repeatedly explained that "willfully" is different: it is a "word of many meanings whose construction is often dependent on the context in which it appears." *Safeco*, 551 U.S. at 57 (quoting *Bryan v. United States*, 524 U.S. 184, 191 (1998)). Indeed, *Safeco* cited *Ratzlaf* in explaining that the meaning of "willfully" in the civil context differs from its meaning in the criminal context. *Id.* at 57 n.9.

In holding that the usual civil standard of willfulness applies in assessing civil penalties under the FBAR statute, we join every other Court of Appeals to have considered the question. *See Bedrosian v. United States*, 912 F.3d 144, 152–53 (3d Cir. 2018); *Norman v. United States*, 942 F.3d

1111, 1115 (Fed. Cir. 2019); *United States v. Horowitz*, 978 F.3d 80, 86–88 (4th Cir. 2020); *United States v. Rum*, 995 F.3d 882, 888–89 (11th Cir. 2021); *United States v. Kelly*, 92 F.4th 598, 602–03 (6th Cir. 2024). The Supreme Court has so far declined to disturb this consensus. *See Kimble v. United States*, 142 S. Ct. 98 (2021) (denying petition for writ of certiorari); *Rum v. United States*, 142 S. Ct. 591 (2021) (same); *Collins v. United States*, 143 S. Ct. 489 (2022) (same); *Bedrosian v. United States*, 143 S. Ct. 2636 (2023) (same).

Against *Safeco*'s clear ruling and this weight of authority, Hughes contends that the FBAR statute is inherently punitive, unlike the allegedly merely compensatory Fair Credit Reporting Act, and so embracing an objective recklessness standard would punish "what are, in reality, negligent actors." Thus, she suggests that, under a recklessness standard, "nearly every FBAR violation could be deemed a willful one," rendering the non-willful provisions of the statute superfluous. Yet she points to no evidence that other courts have conflated mere negligence with recklessness. On the contrary, our fellow circuits have expressly stated that "civil recklessness requires proof of something more than mere negligence." *Horowitz*, 978 F.3d at 89; *Rum*, 995 F.3d at 889–90 (same); *Kelly*, 92 F.4th at 603 (same). All other Courts of Appeals have correctly insisted that a determination of a willful failure to file an FBAR requires a finding that (1) the filer "clearly ought to have known that there was a grave risk that" the filing requirement was not being met, and (2) the filer "was in a position to find out for certain very easily." *Bedrosian*, 912 F.3d at 153 (cleaned up).

Nor does the record suggest that the district court here conflated negligence and recklessness. The district court did

not simply conclude that Hughes had failed to file but rather explained that Hughes had, on her 2012 tax returns, specifically noted that she held a foreign account and was required to file an FBAR, and that her explanations for her failure to file in 2012 and 2013 were "inconsistent" and "not credible." Moreover, as the United States observes, Hughes's position that a recklessness standard eliminates a negligence defense is at odds with the district court's own conclusion that she was merely negligent (and thus *not* willful) in failing to file in 2010 and 2011.

Finally, Hughes argues that the Third Circuit—the first to address this question in a published decision—improperly imported a "strict liability" view from a separate tax statute, 26 U.S.C. § 6672. Even assuming that the specific analogy to § 6672 is flawed, however, Hughes cannot overcome *Safeco*'s "clear articulation of the distinct meanings that attach to the term 'willfully' in the civil and criminal contexts." *Horowitz*, 978 F.3d at 88. In short, Hughes offers no persuasive reason to distinguish *Safeco* and buck the consensus of other Courts of Appeals.

## IV.

For the reasons set forth above, we agree with our fellow circuits and hold that, for purposes of civil penalties, willful violations of the FBAR statute include both knowing and reckless violations.

**AFFIRMED.**