NOT FOR PUBLICATION

FILED

AUG 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALETA GUTHREY, a conserved adult, through her conservator, Areta Guthrey; ARETA KAY GUTHREY, Conservator, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ALTA CALIFORNIA REGIONAL CENTER, a California Non-Profit corporation; et al., <br><br> Defendants-Appellees. | No.   23-16056 <br><br> D.C. No. 2:18-cv-01087-MCE-JDP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted August 13, 2024
San Francisco, California

Before:  GRABER, CALLAHAN, and KOH, Circuit Judges.
Partial concurrence and partial dissent by Judge CALLAHAN.

Plaintiffs Aleta Guthrey and Areta Guthrey appeal the district court's

Federal Rule of Civil Procedure ("Rule") 12(b)(6) dismissal of their action under

Title III of the Americans with Disabilities Act ("ADA") and § 504 of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Rehabilitation Act ("Section 504") against Alta California Regional Center ("Alta"), On My Own Independent Living Services, Inc. ("OMO"), and S.T.E.P., Inc. ("STEP") (collectively, "Defendants").[1] Plaintiffs also appeal the district court's denial of their Rule 59(e) motion for reconsideration. "When a district court dismisses a claim pursuant to a Rule 12(b)(6) motion, we evaluate the complaint de novo to decide whether it states a claim upon which relief could be granted." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (cleaned up). "We review a district court's denial of a Rule 59(e) motion for abuse of discretion." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 1291 and affirm in part, reverse in part, and remand for further proceedings.

1. The district court did not err in dismissing Plaintiffs' ADA Title III claim against OMO. The second amended complaint ("SAC") failed to allege sufficiently that OMO owns or operates a place of public accommodation. "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) [s]he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns,

---

[1] STEP's unopposed motion to remove Tammy Smith, who was dismissed by the district court, from the case caption (Docket No. 9) is GRANTED. We sua sponte remove Mary McGlade and Michelle Ramirez, who also were dismissed from the case by the district court, from the caption to reflect that only Alta, OMO, and STEP are the proper appellees in this matter. The Clerk shall amend the docket accordingly.

leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [her] disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc*., 603 F.3d 666, 670 (9th Cir. 2010). Places of public accommodation are "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." *Weyer v. Twentieth Century Fox Film Corp*., 198 F.3d 1104, 1114 (9th Cir. 2000). To state a claim, "some connection between the good or service complained of and an actual physical place" must exist. *Id.* However, Title III's reach is not limited to "services occurring on the premises of a public accommodation." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 904-05 (9th Cir. 2019) ("The statute applies to the services of a place *of* public accommodation, not services *in* a place of public accommodation." (quotation omitted)).

None of Plaintiffs' allegations establish that OMO's physical office is open to the general public. *See Langer v. Kiser*, 57 F.4th 1085, 1102 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 823 (2024), *reh'g denied*, 144 S. Ct. 1132 (2024) ("Any private entity or facility 'not in fact open to the public,' is . . . exempt from Title III of the ADA."). The SAC does not, for example, allege that Plaintiffs or any other OMO client ever visited OMO's physical offices. Therefore, the district court properly dismissed Plaintiffs' ADA Title III claim against OMO.

2. The district court did, however, err in dismissing Plaintiffs' ADA Title III

claim against Alta and STEP. The SAC alleges that Plaintiffs visited Alta's and STEP's physical offices, so that Alta and STEP could assist Plaintiffs in locating suitable housing and arranging for caregivers. Drawing all reasonable inferences from such allegations in favor of Plaintiffs, the nonmoving parties, we can reasonably infer that Alta's and STEP's offices are indeed open to the public (i.e., customers can visit physical offices to conduct business). *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."). Because the coordination of care services provided at Alta's and STEP's offices are social services, those offices constitute "social service center establishment[s]" and places of public accommodation. 42 U.S.C. § 12181(7)(K); *see* 28 C.F.R. § Pt. 36, App. C (DOJ guidance indicating "a facility that provides social services would be considered a 'social service center establishment.'"). Because Plaintiffs physically visited Alta's and STEP's offices to receive those services, Plaintiffs have adequately alleged the requisite nexus to a physical place of public accommodation. *See Robles*, 913 F.3d at 904-05. Therefore, the district court improperly dismissed Plaintiffs' ADA Title III claim against Alta and STEP.

Defendants also argue that Plaintiffs' ADA Title III claim fails for the independent reason that the SAC fails to allege any discriminatory conduct. We

4

decline to reach this argument, which was not considered by the district court, and instead remand for the district court to consider it as to Alta and STEP in the first instance. *See Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1154 (9th Cir. 2000) ("Our judicial system generally assumes that consideration of an issue at both the trial court and appellate court level is more likely to yield the correct result, because the issue will be more fully aired and analyzed by the parties, because more judges will consider it, and because trial judges often bring a perspective to an issue different from that of appellate judges.").

3. The district court erred in holding that Plaintiffs failed to state a claim under Section 504 of the Rehabilitation Act because Defendants are not places of public accommodation under Title III of the ADA. To bring a Section 504 claim, a plaintiff must show that "(1) [s]he is an individual with a disability; (2) [s]he is otherwise qualified to receive the benefit; (3) [s]he was denied the benefits of the program solely by reason of [her] disability; and (4) the program receives federal financial assistance." *Updike v. Multnomah County*, 870 F.3d 939, 949 (9th Cir. 2017) (citation and internal quotation marks omitted). Under Section 504, there is no requirement that the defendant own or operate a place of public accommodation, as is required under ADA Title III. The cases cited by Defendants and the district court equating the substantive standard of liability under Section 504 and the ADA were discussing Title II of the ADA, not Title III. *See,*

5

*e.g.*, *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021); *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997); *Vinson v. Thomas*, 288 F.3d 1145, 1149, 1152 n.7 (9th Cir. 2002).[2] We remand for the district court to consider Defendants' alternate challenges to Plaintiffs' Section 504 claim in the first instance.

4. Plaintiffs argue that they are entitled to Rule 59(e) relief because the district court erroneously declined to consider their claim under ADA Title II, which prohibits disability discrimination by a public entity, "any State or local government" or "other instrumentality" thereof. 42 U.S.C. §§ 12131(1)(A), (B); 12132. A Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

The district court properly denied Plaintiffs' Rule 59(e) motion because the SAC failed to provide Defendants with proper notice of the ADA Title II claim as required by Rule 8(a). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant

---

[2]     ADA Title II, like the Rehabilitation Act, prohibits discrimination by a "public entity," rather than by those who own or operate places of public accommodation. 42 U.S.C. § 12132.

6

fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up). As the district court noted, the SAC makes no mention of ADA Title II. Rather, the SAC states only that Alta (but none of the other Defendants) "acted at all times as an agent of the state and under color of law." However, "[c]onclusory allegations of law . . . are insufficient." *Lee*, 250 F.3d at 679; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). Because Plaintiffs failed to plead an ADA Title II claim adequately, the district court was not required to consider it and did not err in denying Rule 59(e) relief.

5. In the alternative, Plaintiffs assert that the district court should have granted leave to file a third amended complaint. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (cleaned up). As the district court noted, Plaintiffs were afforded multiple opportunities to amend their complaint to correct any deficiencies. Moreover, Plaintiff Areta Guthrey, who drafted each iteration of the complaint before substitution of counsel, is an attorney licensed to practice both in the State of California and before the district court (Eastern District of California). "[A]ttorneys representing themselves should not be afforded special consideration and do not fall into the category of those 'proceeding without assistance of

counsel.'" *Huffman v. Lindgren*, 81 F.4th 1016, 1019 (9th Cir. 2023) (declining to afford an attorney representing himself the liberal pleading standard afforded to pro se parties). Moreover, after the substitution of counsel, new counsel was allowed to file a sur-reply to Defendants' motions to dismiss. Therefore, the district court did not abuse its discretion in denying leave to amend, and the court properly denied Rule 59(e) relief.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**[3]

---

3    The parties shall bear their own costs on appeal.

Guthrey v. Alta, No. 23-16056

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's affirmance of the dismissal of Plaintiffs' ADA Title II claim against On My Own Independent Living Services, Inc., the remand instructing the district court to consider Defendants' alternate challenges to Plaintiffs' Section 504 claim, and the affirmance of the district court's denial of leave to amend the complaint.

I dissent from the reversal of the district court's dismissal of Plaintiffs' ADA Title III claims against Alta California Regional Center (Alta) and S.T.E.P., Inc. (STEP). Pursuant to our opinion in *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000), places of public accommodation are "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." In our more recent opinion in *Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019), when holding that the "statute applies to the services *of* a place of public accommodation, not services *in* a place of public accommodation," *id*. at 905, we nonetheless reiterated that the "nexus between Domino's website and app and physical restaurants . . . is critical to our analysis." *Id*. Accordingly, I do not agree with the majority's statement that "[b]ecause the coordination of care services provided at Alta's and STEP's offices are social services, those offices constitute 'social service center establishment[s]'

and places of public accommodation."  I do not think that the two alleged visits by Plaintiffs to Alta and STEP's physical offices are sufficient to establish the necessary nexus between Defendants' provision of services and a place of accommodation.  Accordingly, I dissent from the vacatur of the district court's dismissal of Plaintiffs' claims against Alta and STEP.