**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2293
_____

HAROLD R. BERK,
Appellant

v.

ROTHMAN INSTITUTE ORTHOPEDIC FOUNDATION; RECONSTRUCTIVE
ORTHOPEDIC ASSOCIATES, II, LLC; ROTHMAN ORTHO PA HOLDCO I., P.C.;
ROTHMAN ORTHO PA HOLDCO III, P.C.; ROTHMAN ORTHO PA HOLDCO IV,
P.C.; ROTHMAN ORTHOPEDIC SPECIALTY HOSPITAL, L.P.; ROTHMAN
ORTHOPEDIC SPECIALTY HOSPITAL, LLC; ALEXANDER R. VACCARO, MD;
DAVID I. PEDOWITZ, MD; STEVEN M. RAIKIN, MD; ROTHMAN ORTHO PA
HOLDCO II, P.C.,
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-01437)
District Judge:  Honorable John F. Murphy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 14, 2025
_____

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, SCIRICA and RENDELL, <u>Circuit</u> <u>Judges</u>

(Filed: April 23, 2025)

_____

OPINION*
_____

CHAGARES, <u>Chief</u> <u>Judge</u>

Harold Berk alleges that his treating physicians and their employers, Rothman

Institute Orthopedic Foundation and its affiliated entities (collectively, "Rothman

Entities"), refused to provide him with an affidavit of merit attesting that Berk's medical

malpractice claim against different healthcare providers was meritorious. Because

Delaware law, which governed Berk's malpractice claim, requires plaintiffs bringing a

medical malpractice claim to file an affidavit of merit with the pleading, Berk's

malpractice lawsuit was dismissed. Berk then sued the Rothman Entities for, <u>inter</u> <u>alia</u>,

intentional deprivation of legal recourse. Berk appeals the District Court's dismissal of

his complaint and denial of his subsequent motion for reconsideration. Because the

District Court correctly held that Berk failed plausibly to state a claim to relief, we will

affirm.

I.[1]

Berk suffered a fall that resulted in a significant ankle injury. He alleges that he

received deficient care while hospitalized in Delaware that exacerbated his ankle injury

---

*       This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1]       We write primarily for the parties and recite only the facts essential to our decision.

as well as pre-existing wounds on his legs. He subsequently obtained care from the Rothman Entities.

The Rothman Entities refused to provide Berk with an affidavit of merit attesting that, in their expert opinion, Berk's malpractice claim against his initial providers was meritorious. Berk unsuccessfully attempted to schedule an appointment with Dr. Steven Raikin to request the affidavit. Staff initially explained that Dr. Raikin was on leave but later informed Berk that Dr. Raikin had in fact retired for medical reasons. Berk then scheduled a follow-up appointment with Dr. David Pedowitz. When Berk requested an affidavit of merit at that appointment, Dr. Pedowitz stated that he did not have time to discuss the request. Berk subsequently made multiple written requests to Dr. Pedowitz and Dr. Alexander Vaccaro, the chief executive officer of the Rothman Entities, but Dr. Vaccaro's secretary informed Berk that the Rothman Entities were unable to provide the letter. Berk also contacted Dr. Raikin on his personal cell phone. Dr. Raikin informed Berk that, although Berk "had a good medical malpractice case," Berk needed to make his request to the Rothman Entities, whose policies prevented Dr. Raikin from providing Berk an affidavit of merit.

Although Berk contacted multiple providers other than the Rothman Entities, he was ultimately unable to obtain an affidavit of merit. Delaware law requires plaintiffs bringing a medical malpractice claim to file an affidavit of merit with the pleading. See Del. Code Ann. tit. 18, § 6853(a). So when Berk filed a malpractice claim in the United States District Court for the District of Delaware against his initial providers but failed to include an affidavit of merit, his complaint was dismissed. See Berk v. Choy, No. 22-

3

1506, 2023 WL 2770573, at \*2 (D. Del. Apr. 4, 2023), aff'd, No. 23-1620, 2024 WL 3534482 (3d Cir. July 25, 2024), cert. granted, No. 24-440, 2025 WL 746311 (U.S. Mar. 10, 2025).[2]

Berk, who is a retired attorney proceeding pro se, then filed the instant lawsuit in the United States District Court for the Eastern District of Pennsylvania against the Rothman Entities for breaching their fiduciary duty, conspiring to restrain trade in violation of the Sherman Act and Clayton Act, and intentionally depriving him of legal recourse. After the Rothman Entities moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the District Court dismissed with prejudice Berk's amended complaint because the amended complaint failed to state a claim and because it determined further amendment would be futile. The District Court also denied Berk's motion for reconsideration of that decision. Berk timely appealed. On appeal, Berk pursues only his intentional deprivation claim and abandons his other claims. See Berk Br. 7.

## II.[3]

We exercise plenary review over a district court's decision to grant a Rule 12(b)(6) motion to dismiss. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We accept all factual allegations as true and construe the complaint in the light

---

[2] During the pendency of this appeal, Berk notified this Court that the Supreme Court had granted his petition for writ of certiorari in his earlier case. Neither Berk nor the Rothman Entities have requested that we stay this appeal and we see no reason to do so sua sponte.

[3] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

most favorable to the plaintiff.  Id.  Although we generally afford pro se litigants special solicitude in evaluating compliance with the federal rules, that solicitude does not extend to current or former attorneys representing themselves.  See Huffman v. Lindgren, 81 F.4th 1016, 1020–21 (9th Cir. 2023) (collecting cases and remarking that "[t]he circuits that have reached the issue speak with one voice: they have uniformly declined to extend the liberal pleading standard to pro se attorneys").

### III.

The District Court did not err in dismissing Berk's claim for intentional deprivation of legal recourse.  Berk alleges that, in barring Dr. Raikin from issuing an affidavit of merit, the Rothman Entities prevented him from succeeding on his medical malpractice claims.[4]  Because Berk believes that "he would likely" have prevailed on his malpractice claims if the Rothman Entities had permitted Dr. Raikin to provide him with an affidavit of merit, he alleges that the Rothman Entities deprived him of the compensation that he would have been awarded.  Appendix 130–31.  Based on these allegations, Berk argues "that the Rothman Entities intentionally interfered with Berk's ability to contract with Dr. Raikin" for an affidavit of merit.  Berk Br. 8.

To state a claim for intentional interference with a prospective or existing contract under Pennsylvania law,[5] a plaintiff must allege:

---

[4]     Although Berk's complaint is broadly directed to the Rothman Entities' general refusal to provide him with an affidavit of merit, he clarifies on appeal that he pursues this claim only with respect to Dr. Raikin's refusal to provide him with the affidavit.  See Berk Br. 8–9.

[5]     The parties agree that Pennsylvania law applies, as do we.

5

(1) the existence of a contractual, or prospective contractual relation between the complainant and a third party;

(2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring;

(3) the absence of privilege or justification on the part of the defendant; and

(4) the occasioning of actual legal damage as a result of the defendant's conduct.

Pelagatti v. Cohen, 536 A.2d 1337, 1343 (Pa. Super. Ct. 1987); see also Salsberg v. Mann, 310 A.3d 104, 110 (Pa. 2024). As relevant to this appeal, the District Court dismissed the intentional interference claim on the ground that, because the Rothman Entities were not obliged to provide an affidavit of merit, they could not have interfered in any prospective or existing contract. While the existence of contractual freedom alone is not a complete defense to a claim for intentional interference with a contract, we will affirm because we agree with the District Court that Berk has not adequately stated his claim. See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 309 (3d Cir. 2020) ("[W]e may affirm the judgment on any grounds supported by the record . . . .").

The amended complaint fails plausibly to establish that the Rothman Entities "specifically intended" to cause Dr. Raikin to decline to provide the affidavit. Pelagatti, 536 A.2d at 1343. At most, Berk has alleged that the Rothman Entities enforced their general policy against providing affidavits of merit to existing patients. See Berk Br. 17–18 (arguing that the Rothman Entities' rules prevent physicians from issuing affidavits of merit to avoid jeopardizing referrals). That is not enough. See Ira G. Steffy & Son, Inc. v. Citizens Bank of Pa., 7 A.3d 278, 289 (Pa. Super. Ct. 2010) (holding that the fact that a

6

defendant was "aware" that its actions "would interfere with potential" contracts did not plausibly establish that it acted with the "specific purpose" of interfering with a particular contract). The amended complaint contains no allegations that the defendants "not only . . . intended the interference, but . . . acted in part at least for the purpose of accomplishing it." Glenn v. Point Park Coll., 272 A.2d 895, 899 (Pa. 1971) (citation omitted).

IV.

The District Court's decision to dismiss the amended complaint with prejudice based on its determination that further amendment would be futile was not error. We review a district court's decision to deny leave to amend for abuse of discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Leave to amend must be granted unless amendment "would be inequitable or futile." Id. "A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." United States ex rel. Schumann v. Astrazeneca Pharmas. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (cleaned up).

The Rothman Entities placed Berk on notice of the defects in his intentional interference claim in their first motion to dismiss, after which Berk amended his complaint but failed to cure those defects. See Defs.' Rule 12(b)(6) Mot. to Dismiss, Dist. Ct. Dkt. No. 12, at 22–23. Thus, the District Court did not abuse its discretion in determining that the deficiencies in Berk's claim were unlikely to be remedied by another amendment.

7

## V.

Finally, the District Court did not err in denying Berk's motion for reconsideration. We review a district court's decision to deny a motion for reconsideration for abuse of discretion. See Long v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012). Generally, reconsideration is warranted only upon "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). Because Berk's motion for reconsideration merely rehashed the arguments that he made in opposition to the motion to dismiss pursuant to Rule 12(b)(6), which we hold was properly granted, the District Court did not abuse its discretion in denying the motion for reconsideration.

## VI.

For the foregoing reasons, we will affirm the judgment of the District Court.